[No. 1511.]

THE GRANDE RONDE LUMBER CO. v. COTTON.

CORPORATIONS—PROOF OF CORPORATE EXISTENCE—ESTOPPEL.
One who contracted with a lumber company for lumber under its corporate name, and in settlement acknowledged his indebtedness to the corporation, is estopped to question the capacity of the corporation to sue in an action for the price of the lumber, and cannot object that plaintiff's corporate existence was not proven.

*Appeal from the County Court of El Paso County.*

Mr. OWEN PRENTISS, for appellant.

Mr. J. W. HORNER, for appellee.

THOMSON, P. J.

The Grande Rondo Lumber Company brought this suit to recover the price of lumber sold and delivered to the defendant.   The plaintiff's office and place of business was at Perry, Oregon.   The lumber was sold and shipped by the plaintiff upon written orders from the defendant, who was doing business at Gillett, Colorado.   In these orders the defendant addressed the plaintiff as the Grande Ronde Lumber Company, and requested the shipment of lumber as therein specified.   The defendant received invoices of the lumber shipped, which were headed with the name of the company, and the names of its president, vice president, general manager, sec-

retary and treasurer. After the lumber was received, a settlement of accounts was had between the plaintiff's agent and the defendant, upon which it was found and agreed between them that the amount due from the defendant to the plaintiff was $239.75. This amount the defendant agreed to pay.

At the trial the defendant testified that he gave the orders and received the lumber, and that he had not paid for it. Judgment was rendered for the defendant, and the plaintiff appealed.

The sole contention of the defendant in support of the judgment is that the plaintiff did not show by proper evidence that it was a corporation, but the defendant, by virtue of his dealings with the plaintiff, estopped himself to question its capacity to sue. He contracted with the Grande Ronde Lumber Company; at the settlement, and on the trial, he acknowledged that he was indebted to the Grande Ronde Lumber Company, and he was therefore in no position to require proof that the plaintiff was a corporation. *Plummer v. Mercantile Co.*, 23 Colo. 190. By contracting with the plaintiff he admitted that it was a legal entity, in whose favor a liability might be incurred, and at whose suit the liability might be enforced, and in this proceeding the admission is conclusive upon him. He is precluded from alleging the incompetency of the plaintiff, and his objection that its corporate existence was not proved cannot be listened to. Bigelow on Estoppel (2d ed.), 424. Upon the undisputed evidence in the case, the plaintiff is entitled to judgment against the defendant for $239.75, with legal interest from the time of the institution of the suit.

The judgment of the county court is reversed.

*Reversed.*