### [No. 1767.]
### THE FIRST CONGREGATIONAL CHURCH OF CRIPPLE CREEK v. GRAND RAPIDS SCHOOL FURNITURE COMPANY.

1. CORPORATIONS—ESTOPPEL—PRACTICE.

Where a party contracts with a corporation in its corporate name he is estopped to deny the corporate existence.

2. CONTRACTS—CONDITIONAL SALES.

To constitute a sale of personal property a conditional one, an optional payment of the purchase price is as essential as the conditional passing of the title. Where the property was delivered and an unconditional promissory note was given for the purchase price, it was an absolute and not a conditional sale, notwithstanding a condition was attached to the note reciting that the title to the property remained in the vendor till the note was paid, and in case of default might be taken back at the expense of the maker.

*Appeal from the County Court of El Paso County.*

Mr. J. W. HORNER, for appellant.

Mr. WILLIAM H. NASH, for appellee.

BISSELL, P. J.

The Grand Rapids Furniture Company of Michigan brought suit in the county court of El Paso county against the First Congregational Church of Cripple Creek, a Colorado corporation, and the cause of action stated was on a promissory note, dated the 1st of July, 1895, whereby six months after date the church promised to pay to the order of the furniture company $488.32 at Cripple Creek with exchange, for value received, with eight per cent interest. There was attached to the note and a part of it, a recital that the note was given for the purchase price of 267 chairs. It was further agreed that the title to the property should remain in the furniture company until the purchase price was paid, and in case of default the property might be taken back at the expense of the maker. The complaint stated a partial payment, alleged a balance due, its nonpayment, and demanded judgment. The church denied the corporate existence of the plaintiff, and as affirmative defenses set up what may be summarized in a statement that the title to the property did not pass, and that while it was in the possession of the church a fire occurred, that the chairs were burned up, and the plaintiff thereby rendered unable to deliver on performance. The plaintiff demurred to the defenses, the demurrer was sustained, judgment entered, and therefrom this appeal was prosecuted.

The statement of the case virtually disposes of the appeal. The first proposition respecting the denial of the incorporation is easily disposed of. The abstract recites that the plaintiff made no proof of its corporate existence when it took judgment. This is answered first by the suggestion, that the record itself does not support the contention, and we are not thereby advised that the plaintiff did not offer full proof.

Whether this be or be not true, it is immaterial since it is well settled in this state as in all other jurisdictions, that it is not open to a person who has dealt with a corporation, recognizing it as such, to deny the corporate existence. *Plummer v. Struby-Estabrooke Co.*, 23 Colo. 190; *The Grande Ronde Lumber Co. v. Cotton*, 12 Colo. App. 375. This case is brought directly within the purview of that principle because it appears from the statement of the cause of action, the church dealt with the furniture company as a corporation, bought the goods of it, executed to it its promissory note for the purchase price and delivered it in settlement of the sale. Having done this, it cannot, when sued on its paper, plead this defense.

The next matter, being the several defenses growing out of the transaction, may be as briefly disposed of because the underlying principle which renders the pleas of no avail, has been declared by the supreme court. The theory of the defense was that the defendant church acquired no title to the goods, that the sale was a conditional one, and since thereby the property did not pass, the loss must fall on the vendor. The contention is not based on fact or on the legal result of the transaction. The sale was not a conditional one. Notwithstanding the terms and conditions expressed in the agreement attached to the note, the sale and the delivery of the chairs and the execution of the commercial paper for the purchase price made the sale an absolute one and for the purposes of this suit transferred the title. The note and the agreement together are in no sense a chattel mortgage, and probably were not executed in accordance with the provisions of the law with reference to such instruments, and whatever may have been the rights of the vendor or vendee in case of the attempted enforcement of the contract, the transaction itself transferred the title. The supreme court has decided, to use its own language, "the optional payment of the purchase price is as essential to constitute a transaction a conditional sale as the conditional passing of the title, and a transaction that in express terms

imposes an unconditional liability upon the vendee to pay the purchase price for the property delivered, however characterized by the parties, is essentially, and in legal effect, an absolute, and not a conditional sale." *Andrews & Co. v. Savings Bank et al.*, 20 Colo. 313; *Tufts v. Beach*, 8 Colo. App. 33.

It is quite apparent from the statement of facts the principle is applicable, the transaction was an absolute sale, the title did pass to the vendee, and having given an absolute promise to pay the price they are liable on the note, regardless of the destruction of the property.

These two propositions are the only ones called to our attention, and being resolved against the appellant, the judgment must necessarily be affirmed, which is accordingly done.

*Affirmed.*