(April 7, 1909.)

THE TOLEDO COMPUTING SCALE CO., a Corporation, Appellant, v. E. J. YOUNG, Respondent.

[101 Pac. 257.]

CORPORATION—CONTRACT WITH—DENIAL OF CORPORATE EXISTENCE—DE-NIALS IN ANSWER — NO ISSUE — WRITTEN CONTRACT — VERBAL CHANGE.

1. Where a party does business with a corporation in its corporate name, and the contract is executed on its behalf, such party is estopped from denying the incorporation of the company.

2. The denials of the answer held not sufficient to make an issue, and that the court erred in denying plaintiff's motion for a judgment on the pleadings.

3. A foreign corporation, engaged in interstate commerce only, is not required to comply with the laws of this state in regard to filing its articles of incorporation and designating an agent upon whom service of process may be made in order to transact interstate business.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Bonner County. Hon. William W. Woods, Judge.

Action to recover balance due for certain weighing scales. Motion of plaintiff for judgment on the pleadings denied and judgment entered for defendant. *Reversed.*

Reed & Boughton, for Appellant.

Where a party does business with a corporation in its corporate name, and the contract is executed, so far as the corporation is concerned, he is estopped from denying the incorporation of the company. (*First Cong. Church v. Grand Rapids School Furn. Co.,* 15 Colo. App. 46, 60 Pac. 948; *Grande Ronde Lumber Co. v. Cotton,* 12 Colo. App. 375, 55 Pac. 610; *Law Guarantee & Trust Co. v. Hogue,* 37 Or. 544, 62 Pac. 380, 63 Pac. 690; *Weill & Co. v. Crittenden,* 139 Cal. 488, 73 Pac. 238; *Grangers' Business Assn. v. Clark,* 67

Cal. 634, 8 Pac. 445; *Bank of Shasta v. Boyd,* 99 Cal. 604, 34 Pac. 337; *Oregonian Ry. Co. v. Oregon Ry. & Nav. Co.,* 22 Fed. 245, 10 Saw. 464; *Cowell v. Springs Co.,* 100 U. S. 61, 25 L. ed. 547; *Close v. Glenwood Cemetery,* 107 U. S. 466, 2 Sup. Ct. 267, 27 L. ed. 408; Bigelow on Estoppel, pp. 527-529; Spelling on Corp., secs. 46, 47; *Palatine Ins. Co. v. Santa Fe Merc. Co.* (N. M.), 82 Pac. 363; *Sierra Land & Cattle Co. v. Bricker,* 3 Cal. App. 190, 85 Pac. 665. See, also. Cent. Dig., "Corporations." secs. 109-111; 10 Cyc. 245, 246.)

By suing a corporation in its corporate name a party is estopped from denying its corporate existence. (*Distilling etc. Co. v. People,* 156 Ill. 448, 47 Am. St. 200, 41 N. E. 188; *Society etc. Useful Mnfs. v. Morris Canal etc. Co.,* 1 Saxt. 157, 21 Am. Dec. 41; *People v. Stanford,* 77 Cal. 360, 18 Pac. 85, 19 Pac. 693, 2 L. R. A. 92.)

The failure to deny a material allegation in the complaint is conclusive admission of the fact, and it need not be proved. (*Lillienthal v. Anderson,* 1 Ida. 673; *Parke v. Boulware,* 7 Ida. 490, 63 Pac. 1045.)

"The transaction of the business of interstate commerce is not considered as doing business in the state within the meaning of the state statutes regulating foreign corporations doing business within the state." (*Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727, 5 Sup. Ct. 739, 28 L. ed. 1137; *Cook v. Rome Brick Co.,* 98 Ala. 409, 12 So. 918; *Mearshon v. Pottsville Lumber Co.,* 187 Pa. 12, 67 Am. St. 560, 40 Atl. 1019; *Milan Mining Co. v. Gorten,* 93 Tenn. 590, 27 S. W. 971, 26 L. R. A. 135; *Davis etc. Building Co. v. Caigle* (Tenn. Ch.), 53 S. W. 240; *Lyons-Thomas Adv. Co. v. Reading Hdwe. Co.* (Tex. Civ. App.), 21 S. W. 300; *H. Zuberbier Co. v. Harris* (Tex. Civ. App.), 35 S. W. 403.)

A foreign corporation engaged in interstate commerce cannot be compelled to have a known place of business and an authorized agent appointed on whom process can be served, and any act so providing is void. (*Cooper Mfg. Co. v. Ferguson, supra; New Orleans etc. Packet Co. v. James,* 32 Fed. 21; *Cook v. Rome Brick Co., supra; McNaughton Co. v. Mc-*

*Girl,* 20 Mont. 124, 63 Am. St. 610, 49 Pac. 651, 38 L. R. A. 367; *Kent etc. v. Tuttle,* 20 Mont. 203, 50 Pac. 559; *Murphy Varnish Co. v. Connell,* 10 Misc. Rep. 563, 32 N. Y. Supp. 492; *Milan Mining etc. Co. v. Gorten, supra.*)

The answer of defendant being insufficient, plaintiff could either move to have the answer stricken out and then take judgment for want of an answer, or move for a judgment on the pleadings, which it did in this case. (*Hearst v. Hart,* 128 Cal. 327, 60 Pac. 846; *Goldstein v. Krause,* 2 Ida. 294, 13 Pac. 232.)

Edwin McBee, for Respondent, cites no authorities.

SULLIVAN, C. J.—This action was instituted in the probate court of Kootenai county to recover the balance due on a written agreement for a certain weighing scale sold and delivered to the defendant. The plaintiff alleged in its amended complaint that it was a corporation duly organized under the laws of the state of New Jersey and doing business at Toledo, Ohio. There is attached to the complaint a copy of the contract of sale, portions of which are as follows:

"NOTICE: No scales placed on trial.

"ORDER FORM FOR SCALES.

"City Rathdrum, County Kootenai, State Idaho.

"Date Feb. 18th, 1907.

"Toledo Computing Scale Co., Toledo, Ohio.

"Please ship to us at our place of business, No. street, as soon as possible, 1 of your No. 30 scales. Finish to be blue. In consideration of the above, we agree to pay you ninety dollars ($90.00) in U. S. gold coin or its equivalent, being price of scale F. O. B. Spokane, Wash. . . . . .

"It is agreed that the title to said scales shall not pass until the purchase price or any judgment for the same is paid in full, and shall remain your property until that time.

"It is expressly agreed that this order shall not be countermanded.

"This contract covers all agreements between the parties hereto.                    Yours truly,

"E. J. YOUNG."

The defendant in his answer denies on information and belief that the plaintiff is a corporation. By the second paragraph of the answer he denies that he made any "valid or legal contract with plaintiff on the 18th day of February, 1907, at Rathdrum or any other place," and further alleges that the plaintiff had no right to transact business in this state, as it had not complied with the state laws in regard to foreign corporations; and denies that he made or executed any promissory notes which were "legal and valid in favor of the plaintiff," and in paragraph 4, it is averred that plaintiff has no capacity to bring and maintain this suit. Defendant further alleges that he had the option at any time within a year to rescind the contract and that he did rescind it.

Plaintiff moved for judgment on the pleadings on the ground that the answer did not state a defense. Thereafter the cause was submitted for decision to the district court upon the following stipulation:

"It is hereby stipulated and agreed by and between the plaintiff and defendant as follows: That whereas, the plaintiff has moved for a judgment on the pleadings herein on the · ground that the defendant's answer herein does not state a defense to the allegations in plaintiff's complaint, as amended; now, therefore, it is hereby stipulated and agreed that this cause be submitted on said motion and that after the ruling on said motion judgment herein shall be entered as follows: In the event that the said motion is granted, the defendant will decline to amend said answer and judgment may be entered in favor of plaintiff and against defendant in accordance with the prayer of the complaint.

"But in the event that the said motion is denied, then the cause shall be submitted for final decision to the court without a jury on the complaint and answer without the introduction of any further testimony."

The court denied said motion and entered judgment in favor of defendant. The appeal is from the judgment.

The only questions to be determined on this appeal are whether any material allegations of the complaint are denied by the answer, and whether the affirmative defense set up by the defendant is any defense whatever.

It is first contended that the denial on information and belief of the corporate existence of the plaintiff put in issue the fact of the incorporation of the plaintiff. There is nothing in that contention, for the authorities are all one way upon that proposition under the facts of this case, and hold that where a party does business with a corporation in its corporate name and the contract is executed by the corporation, that so far as it is concerned the other party is estopped from denying its corporate existence. (*First Cong. Church v. Grand Rapids School Fur. Co.*, 15 Colo. App. 46, 60 Pac. 948; *Grande Ronde Lumber Co. v. Cotton*, 12 Colo. App. 375, 55 Pac. 610; *Bank of Shasta v. Boyd*, 99 Cal. 604, 34 Pac. 337. See, also, 10 Cyc. 245.)

The respondent contracted with the Toledo Computing Scale Company. He may not have known at the time he made the contract whether it was a corporation or a partnership, but that makes no difference. He contracted with it under that name, and it having complied with its part of the contract, the respondent is in no position to deny its corporate existence. And even if it were a partnership doing a partnership business under that name, he would not be in a position to deny the partnership.

Some question is raised in regard to the capacity of the plaintiff to transact business in this state until it has complied with the statutes regulating foreign corporations doing business within the state. There is nothing in this contention, for the reason that there is nothing in the record to show that it comes within the class of foreign corporations that must comply with the laws of this state in regard to filing its articles of incorporation, etc. The record shows that it is a foreign corporation engaged in interstate commerce. The order for the scale referred to in this action is dated at Rathdrum, Idaho, and addressed to the plaintiff at Toledo, Ohio, thus clearly indicating that it is engaged in interstate commerce, and not engaged in such business as would require it to comply with the laws of this state in regard to filing its articles of incorporation and appointing an agent upon whom service of process might be made. The denials in said answer

are not sufficient to put in issue any of the material allegations of the complaint.

The oral agreement alleged to have been made with the agent of the plaintiff in regard to the return of the scale is no defense to this action, for the written agreement specifically states as follows: "This contract covers all agreements between the parties hereto." The contract price of the scale was $90 f. o. b. Spokane, Washington. It would appear from the contract that the delivery was to be made in Spokane.

The court erred in denying the motion of the plaintiff for judgment on the pleadings and entering judgment for the defendant. The judgment must be set aside, and it is so ordered, with costs in favor of the appellant. The cause is remanded for further proceedings in accordance with the views expressed in this opinion.

Stewart and Ailshie, JJ., concur.