(May 2, 1910.)

## WILLIAM E. FOORE, Appellant, v. SIMON PIANO CO., Respondent.

[108 Pac. 1038.]

ATTACHMENT AGAINST NONRESIDENT — AFFIDAVIT FOR ATTACHMENT AGAINST NONRESIDENT—INDORSEMENT OF NAME OF ATTORNEY ON SUMMONS—JUDGMENT IN REM—POSTING NOTICE OF ATTACHMENT —EXCESSIVE LEVY—EXECUTION SALE—COLLECTION OF DEBT BY FOREIGN CORPORATION.

(Syllabus by the court.)

1.  Under the provisions of secs. 4302 and 4303, Rev. Codes, an attachment may be had against a defendant not residing in this state in an action upon a judgment or upon a contract express or implied, and in such case it is not necessary to show by the affidavit for attachment that the plaintiff has no security for the debt.

2.  Where a summons or an *alias* summons is published by order of the court and the name of the attorney for the plaintiff as indorsed on the summons does not appear in the summons as published, the omission is not fatal to the jurisdiction, and does not invalidate the service by publication. The provision of subd. 5, sec. 4140, requiring that "the name of plaintiff's attorney, with his postoffice address or residence, must be indorsed on the summons," is directory and not mandatory.

3.  Where constructive service of summons has been had by publication against a nonresident defendant and property within the state has been attached under a writ of attachment regularly issued in conformity with the requirements of the statute, the jurisdiction of the court attaches *in rem* to the extent of the property attached, and a judgment entered under the constructive service of summons is valid and binding to the extent of the *rem*.

4.  The notice of the issuance of a writ of· attachment required to be given by the clerk under the provisions of sec. 4304, Rev. Codes, is intended for the protection and benefit of other creditors of the defendant, and a failure to give notice is not available to the defendant in the attachment proceeding, and does not enable him to avoid the attachment or subsequent execution sale thereunder.

5.  The question as to whether or not an excessive levy has been made under a writ of attachment is one to be presented to the

court from which the writ issued and in which the action is pend-
ing, and cannot be raised by the defendant after an execution
sale and in a collateral or independent action.

6. The question as to whether or not several lots or tracts or
parcels of land have been sold together under one bid instead of
separately, as required by sec. 4484, Rev. Codes, is a question
properly to be presented to the court from which the execution
issued and on a motion to set aside the sale for the irregularity.
It cannot be raised for the first time on appeal either in the same
or a collateral proceeding.

7. The provisions of sec. 10, art. 11, of the state constitution
and of sec. 2792, Rev. Codes, prohibiting a foreign corporation
"doing business in this state" without first filing its articles of
incorporation and designating an agent, do not apply to a foreign
corporation doing interstate business or a corporation that sells an
article in another state to a citizen of this state and which there-
after finds it necessary to resort to the courts of this state for
the collection of the debt.

8. Sec. 2792, Rev. Codes, which prohibits a noncomplying
foreign corporation from taking title to realty within this state
prior to filing its articles, does not apply to a foreign corporation
which bids in real estate at execution sale for the collection of a
judgment due to the corporation, and which judgment arises out
of an interstate transaction.

APPEAL from the District Court of the First Judicial
District of the State of Idaho, for the County of Shoshone.
Hon. W. W. Woods, Judge.

Action by plaintiff to vacate a judgment and set aside a
sale made on execution and cancel a sheriff's deed, and to
quiet his title to certain lands sold under execution. Judg-
ment for the defendant, and plaintiff appeals. *Affirmed.*

Gray & Knight, J. L. M'Clear, and William K. Shissler,
for Appellant.

This court has repeatedly held that the reservation of title
in a vendor creates such a lien in his favor as bars him from
resorting to attachment under our statute. (*Willman v.
Friedman,* 3 Ida. 734, 35 Pac. 37; *Barton v. Groseclose,* 11
Ida. 227, 81 Pac. 623; *Mark Means etc. Co. v. Mackenzie,* 9
Ida. 165, 73 Pac. 135; *Porter v. Brooks,* 35 Cal. 199; *Barbieri*

*v. Ramelli,* 84 Cal. 154, 23 Pac. 1086; *Gessner v. Palmater,* 89 Cal. 89, 26 Pac. 789, 13 L. R. A. 187; *Ferguson v. Blood,* 152 Fed. 98, 82 C. C. A. 432.)

In the attachment suit the defendant was entitled to the best and every notice provided by law. Failure on the part of respondent to publish the name of its attorney was a substantial defect in the notice. Any defect or failure to perform the strict requirements of the statute is a failure to give the defendant the best notice provided by law, and a judgment which assumes to take his property upon the publication of such notice amounts to the taking of his property without due process of law. (*Choate v. Spencer,* 13 Mont. 127, 40 Am. St. 415, 32 Pac. 651, 20 L. R. A. 424; *Sharman v. Huot,* 20 Mont. 555, 63 Am. St. 645, 52 Pac. 558; *Sanford v. Edwards,* 19 Mont. 56, 61 Am. St. 482, 47 Pac. 212; *Strode v. Strode,* 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Mills v. Smiley,* 9 Ida. 325, 76 Pac. 783.)

The judgment in the attachment suit is void. The statute was not complied with. By the failure of the respondent and its attorneys to give notice provided by law one of the means by which appellant might have been advised of the pendency of the proceeding against his property was cut off. (*Yerkes v. McFadden,* 141 N. Y. 136, 36 N. E. 7; *Haywood v. McCrory,* 33 Ill. 459; *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621.)

Statutory provisions with reference to attachment are mandatory and must be strictly complied with. (*Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851; *Kerns v. McAulay,* 8 Ida. 568, 69 Pac. 539; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565; *Shockley v. Bulloch,* 18 Ga. 283; *Jaffray v. Jennings,* 101 Mich. 515, 60 N. W. 52, 25 L. R. A. 645; *Marnine v. Murphy,* 8 Ind. 272.)

The proceeding by which the jurisdiction is initiated should show affirmatively that the defendant has property within the state. (*Cassidy v. Woodward,* 77 Iowa, 354, 42 N. W. 319; *Lutz v. Kelly,* 47 Iowa, 307; *Wilson v. Seligman,* 144 U. S. 41, 12 Sup. Ct. 541, 36 L. ed. 338.)

"When real property consists of several known lots or parcels, they must be sold separately, or offered for sale in parcels." (Rev. Codes, sec. 4484; *Ollis v. Kirkpatrick,* 3 Ida. 247, 28 Pac. 435; *Odell v. Cox,* 151 Cal. 70, 90 Pac. 194.)

The several transactions of the respondent within the state of Idaho clearly constitute such a doing of business as takes the transactions out of the class of cases which are held to be interstate commerce, and respondent is therefore bound by the provisions of our statute with reference to the filing of articles of incorporation in this state. (*Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873; *Tarr v. Western Loan & Savings Co.,* 15 Ida. 741, 99 Pac. 1049, 21 L. R. A., N. S., 707; *War Eagle Con. Min. Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034.)

Looking at the substance of this action the court will find that it is a direct attack upon the judgment in the attachment suit. Being a direct attack, under the authority of *O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20, 257, the want of jurisdiction to render the judgment may be shown even though it does not appear upon the face of the judgment-roll.

Kerns & Ryan, Samuel R. Stern, and Franklin Pfirman, for Respondent.

The action is without question a collateral attack upon the former judgment. (*O'Neill v. Potvin,* 13 Ida. 725, 93 Pac. 20, 257; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565.)

In case the writ of attachment is brought against the property of a nonresident, it is sufficient to set forth in the affidavit just what is required by the second subdivision of said section 4303, and no more. (*Kerns v. McAuley,* 8 Ida. 568, 69 Pac. 539; *Ross v. Gold Ridge Min. Co.,* 14 Ida. 687, 95 Pac. 821; *Vollmer v. Spencer,* 5 Ida. 557, 51 Pac. 609.)

Our statute does not require that an alias summons must be indorsed, except by inference, and if such indorsement is required, such defect in form is not fatal or jurisdictional if the same cannot mislead anyone interested in the litigation. (*McKnight v. Grant,* 13 Ida. 629, 121 Am. St. 287, 92 Pac. 989; *People v. Wrin,* 143 Cal. 11, 76 Pac. 646; *Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323.)

No question was raised by the pleadings as to the execution sale, and the appellant cannot for the first time bring the matter to the attention of this court. "The proper remedy to set aside a judicial sale which has been wrongfully made, prior to the making of the sheriff's deed, is by motion in the principal action." (*Wooddy v. Jameson,* 5 Ida. 466, 50 Pac. 1008.)

In this case there is no allegation whatever in relation to the manner of sale or the value of the property sold. (*Booker v. Bass,* 127 Ga. 133, 56 S. E. 283; *People v. Owyhee Lumber Co.,* 1 Ida. 420; *Leppel v. Kus,* 38 Colo. 292, 88 Pac. 448.)

The respondent was not obliged to comply with the requirements of the state of Idaho relative to foreign corporations, in order that it might sell an Apollo piano player and a lot of music within said state; it had the right to engage in interstate commerce. (*Toledo Computing Scale Co. v. Young,* 16 Ida. 187, 101 Pac. 257; *Bell City Mfg. Co. v. Frizzell,* 11 Ida. 1, 81 Pac. 58; *In re Kinyon,* 9 Ida. 642, 75 Pac. 268; *In re Abel,* 10 Ida. 288, 77 Pac. 621.)

If the defendant had the right to engage in interstate commerce it necessarily had the right to enforce the collection of its debts. If it became necessary, in order to enforce collection of its debts, to purchase property upon which execution had been levied, it had the right to hold or dispose of such property. (*Columbus Buggy Co. v. Graves,* 108 Ill. 459; *Elston v. Piggott,* 94 Ind. 14; 19 Cyc. 1240, and note.)

It has also been held that a foreign corporation does not do business in the state by merely purchasing property at a judicial sale. (19 Cyc. 1281; *Meddis v. Kinney,* 176 Mo. 200, 98 Am. St. 496, 75 S. W. 633.)

## STATEMENT OF FACTS.

This action was instituted by the appellant, who was plaintiff in the lower court, to procure the cancellation of a default judgment entered against him on the 6th day of January, 1905, and in favor of the respondent in this case, the Simon Piano Co. Plaintiff also prayed for the cancellation of sheriff's deed that had been executed and delivered under execution sale and to quiet his title to the lands sold

in satisfaction of the judgment. On the 30th day of June, 1904, the appellant was a resident of Alberta, Canada, and was at that time the owner of 320 acres of timber land situated in Shoshone county and which was subsequently sold under the execution involved in this case. Prior to the departure of appellant for Alberta, he had been a resident of Coeur d'Alene city, Kootenai county, and while residing at the latter place and on the 9th day of December, 1902, he purchased from the respondent corporation an automatic music machine, called an "Apollo." This Apollo was purchased under a conditional sale contract, by the terms of which title remained in the piano company until the final payment should be made. On the 30th day of June, 1904, the Simon Piano Co., a foreign corporation, filed its complaint in the district court of the first judicial district of this state in and for Shoshone county, against the appellant herein, in which complaint it alleged that the defendant therein was indebted to the plaintiff in the sum of $110.05, together with interest thereon from the 7th day of June, 1904, at the rate of 7% per annum. This action was prosecuted for the collection of the alleged balance due from the appellant herein to respondent on the conditional sale contract for the Apollo. On the same date an affidavit for attachment was made and filed with the clerk, and a summons and writ of attachment were issued, and the writ of attachment was levied on the real estate involved in this present action. On July 16th following, the summons was returned, the officer stating thereon that it had not been served, for the reason that after diligent search and inquiry defendant could not be found within Shoshone county. Thereafter and on the 11th day of October, affidavit for publication of summons was made and filed, and an order for publication of summons was thereupon made by the probate judge, and thereafter a summons designated as "an alias summons" was duly published in the "Idaho Press," a newspaper printed and published in Shoshone county. The summons as published did not show the name of the attorney for the plaintiff as the same had been indorsed on the summons. Notice of the issuance of the writ of attachment was

not posted or published by the clerk of the district court as required by the provisions of the statute, sec. 4304, Rev. Codes. Judgment by default was entered in that action against the appellant herein and in favor of the Simon Piano Co. for the amount demanded, and execution was issued and levied on a tract of land comprising 320 acres, which was sold in one body to satisfy the judgment and was bid in by the plaintiff in that case, the Simon Piano Co. The plaintiff in the attachment suit had not complied with the foreign corporation laws of this state at the time of the prosecution of its action, nor did it until some time after the execution sale. The appellant appears to have had no actual notice of the pendency of the action or of any proceedings had thereunder until the month of June, 1906, and after the execution of the sheriff's deed. On September 26, 1906, appellant filed his complaint in this action to set aside the judgment and cancel the deed. The case went to trial on February 5, 1909, and was submitted, and findings and judgment were made and entered in favor of the respondent. This appeal was thereupon prosecuted.

AILSHIE, J. (After Stating the Facts.)—We shall consider the errors assigned in the order in which they are presented in the brief.

(1) Failure to find on all material issues.

The findings of the court cover all the issues that were essential to the final determination of this case. It was unnecessary for the court to find on questions which would not influence or affect the judgment to be entered. (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.)

(2) Falsity of the affidavit for attachment.

It is contended by appellant that the affidavit for attachment in the original action was false and that the court had no jurisdiction to issue the writ. On this question there was a conflict of evidence, and the trial court found in favor of the defendant and that the sum alleged in the affidavit was in fact due at that time. This sufficiently disposes of that question. It is doubtful, however, if the truth of the affidavit

in that respect could be inquired into at this time and in this manner.

(3) Attachment cannot be had by vendor who retains title.

It is contended by appellant that under the conditional sale contract the piano company retained title to the "Apollo" until the final payment should be made, and that under the statute of this state he could not have a writ of attachment until he had exhausted his security or the same had become valueless without any fault of the company. (*Mark Means Tsf. Co. v. McKenzie,* 9 Ida. 165, 73 Pac. 135; *Barton v. Groseclose,* 11 Ida. 227, 80 Pac. 623; *Peasley v. Noble,* 17 Ida. 686, 107 Pac. 402.) This position is correct as to a resident defendant but is not applicable to the facts of the present case. This was an action against a nonresident, and the attachment was sought on the ground that the defendant in the case was a nonresident of the state. Under the provisions of our statute, secs. 4302 and 4303, Rev. Codes, an attachment may be had "against a defendant not residing in this state" in an action upon a "judgment or upon contract, express or implied," and in such case it is not necessary to show that the plaintiff has no security. In other words, the provisions of subd. 1 of both sections 4302 and 4303 do not apply to a nonresident defendant. (*Kerns v. McAulay,* 8 Ida. 568, 69 Pac. 539; *Ross v. Gold Ridge Mining Co.,* 14 Ida. 687, 95 Pac. 821; and *Kohler v. Agassiz,* 99 Cal. 9, 33 Pac. 741.)

In *Kohler v. Agassiz* the supreme court of California in passing upon the requirements of sec. 537 of the Code of Civ. Proc. of that state, which is in the same language as sec. 4303 of our Rev. Codes, said: "As against a nonresident defendant, the affidavit need not show that the payment of the claim is not secured by mortgage lien or pledge. . . . ."

(4) Name of attorney in published summons.

It is next insisted by appellant that the *alias* summons as published did not contain the name of the attorney for the plaintiff as the same had been "indorsed on the summons." Subd. 5 of sec. 4140 of the Rev. Codes provides as follows: "The name of the plaintiff's attorney, with his post-

office address or residence, must be indorsed on the summons.'' It is conceded that the summons published did not show the name of the attorney for the plaintiff as required by this provision of the statute. We think this requirement of the statute is directory rather than mandatory. The name of the attorney indorsed on the summons is not properly a part of the summons itself. Its only purpose is to advise the defendant of the name of the attorney who appears for the plaintiff and his residence or postoffice address. It is no part of the cause of action. The language of the statute would imply that the name is to be written across the back of the summons instead of appearing on the face thereof. The statute does not require the indorsements on the summons to be published. It only requires the *summons* to be published. It would be a proper practice, and is one that should be followed, to have the name of the attorney appear at the bottom of the published summons, but the failure to do so is not jurisdictional and is not fatal to the service. (*People v. Wrin,* 143 Cal. 11, 76 Pac. 646; *McKnight v. Grant,* 13 Ida. 629, 121 Am. St. 287, 92 Pac. 989.)

(5) Was the judgment in the attachment suit void?

We answer this question in the negative. It is argued by appellant that the judgment obtained by the piano company against appellant here amounted to taking his property in violation of the fourteenth amendment to the federal constitution, in that it deprives him of his property without "due process of law." This contention is without merit for the reasons hereinbefore set forth. While no personal service was had on the defendant in that action, a constructive service was had, and the attachment proceeding laid hold upon the property and the action *in rem* against the seized property was in conformity with the statute. The court acquired jurisdiction over the property thus seized, and while it could enter no personal judgment against the defendant, it could reach out with its process and subject the property within its jurisdiction to the payment of the indebtedness shown to exist. (*Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565; *Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539.)

(6) Failure of clerk to give notice of attachment.

It is contended by appellant that the failure of the clerk of the district court to give notice, by posting and publishing, of the issuance of the writ of attachment, as provided by sec. 4304 of the Rev. Codes, was fatal to the attachment and that no jurisdiction was therefore acquired in the attachment proceeding. The statute does not require that this notice issue contemporaneously with the writ of attachment. On the contrary, it provides as follows: "Two days after issuing such writ and delivering it to the proper officer, the clerk must post at the front door of the court-house, and cause to be published in some newspaper . . . . a notice," etc. This notice is not issued to the defendant in the attachment proceedings nor is it for his benefit. The notice is not essential to give the writ validity and binding force. This notice is required solely in the interest of creditors of the defendant. The closing sentence of sec. 4304 indicates clearly this intention and provides the things to be done by any creditor who shall desire to "pro-rate with the attaching creditor." The statute requires that notice of the attachment be served upon the county recorder and that a copy thereof be also delivered to the party in possession of the property, or if there is no one in possession that it be posted on the land. (Sec. 4307, Rev. Codes.) This is the notice required to be given for the benefit of the defendant in the attachment proceedings whose property is seized. The presumption of law is that the party in possession is the representative of the defendant who is the owner of the land, and that notice to him that the land is attached will reach the owner. (*Pennoyer v. Neff, supra.*)

The defendant in the attachment proceeding is in no way injured or prejudiced by failure to post and publish the notice of attachment. Creditors of the defendant in the attachment proceedings, for whose benefit the notice is required to be given, are not complaining, and we take it that they are the only persons to be affected by failure to give such notice.

(7) Excessive levy.

It is argued by appellant that the writ was levied on an excessive amount of property and that it was so dispropor-

tionate in value to the amount of the debt sought to be secured that it avoided the writ. This contention cannot be sustained. The evidence does not disclose the value of the property at the time of the levy, and the only evidence as to the value of the land at the time of the sheriff's sale is the return on the execution, which shows that the highest and best bid received was $296.57. The fact that the appellant testified at the trial of this present action that the land was then worth from ten to fifteen thousand dollars is not sufficient to invalidate a levy made four years prior to that time. The mere fact that a large amount of property was sold to satisfy a small indebtedness is of itself not sufficient to avoid the sale, especially when attacked in this collateral way.

(8) Validity of execution sale.

Appellant contends that this entire tract of land, comprising 320 acres or eight forty-acre tracts according to government survey, was all sold in one body and on one bid. He insists that under the provisions of sec. 4484 of the Rev. Codes this sale was void. The provisions of that section are as follows: "When the sale is of real property, consisting of several known lots or parcels, they must be sold separately, or when a portion of such real property is claimed by a third person, and he requires it to be sold separately, such portion must be thus sold." This question was not presented by the pleadings and does not appear to have been raised in any manner in the lower court. It is now too late to raise it in this court. We may suggest in passing that it seems to us that the proper remedy would have been to move in the attachment suit in the lower court for an order vacating and setting aside the sale on the grounds indicated if the judgment debtor felt aggrieved by reason of the sale having been made in the manner pointed out, and to have there called the trial judge's specific attention to the failure to pursue the statutory method. The sheriff's return on the execution recites that he "sold the whole" tract of land therein described to the Simon Piano Co. and that it was the highest and best bidder. This does not necessarily negative the idea that it may have been

offered or even sold in separate lots or tracts, or that if so offered no bids were received for the separate lots. It is clear that the judgment debtor did not avail himself of the right granted him by sec. 4484 of the code and "direct the order" in which the property should be sold. He had a right under the statute to require the sale to be made of specific tracts and to specify the order in which they should be sold.

(9) Rights of foreign corporation to buy property at execution sale to satisfy judgment.

It is insisted by appellant that since the Simon Piano Co., which is a foreign corporation, had failed to comply with the corporation laws of this state prior to the purchase of this real estate at execution sale, it is therefore precluded by sec. 2792, Rev. Codes, from taking and holding title to this land. The first thing to determine is whether or not the corporation was at the time this debt was contracted "doing business" within the state of Idaho within the meaning of the constitution (sec. 10, art. 11) or within the purview of sec. 2792, Rev. Codes. There is a conflict in the evidence as to whether the sale of the "Apollo" was made in Spokane in the state of Washington or at Coeur d'Alene city in this state. The court finds that the sale was made in Spokane, and this finding is amply justified by the evidence. It does not appear from the evidence that the corporation had any office in this state at that time, or that it had any agency established within the state. It rather appears that such sales as it was making at that time were made through the Spokane office and delivery was made there, and such sales were clearly interstate transactions. (*In re Kinyon*, 9 Ida. 642, 75 Pac. 268; *In re Abel*, 10 Ida. 288, 77 Pac. 621; *Belle City Mfg. Co. v. Frizzell*, 11 Ida. 1, 81 Pac. 58; *Toledo Computing Scale Co. v. Young*, 16 Ida. 187, 101 Pac. 257.) Under the provisions of the statute (sec. 2792, Rev. Codes) it is only corporations that are "doing business in this state" without first filing their articles of incorporation and complying with the statute that are prohibited from taking and holding title to realty acquired prior to the making of such filings. The mere purchase at execution sale of real property in satisfaction of a

judgment procured on an interstate transaction is not in itself "doing business in this state." (19 Cyc. 1280, and note, also 1314; *Elston v. Piggett,* 94 Ind. 14; *Meddis v. Kenney,* 176 Mo. 200, 98 Am. St. 496, 75 S. W. 633.) The legislature has not undertaken to prohibit a corporation engaged in interstate business from taking title under judicial process in the collection of a debt where the corporation was not otherwise "doing business" in this state within the meaning of the constitution and statute.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan, C. J., and Stewart, J., concur.