INGLE SYSTEM CO. *v.* NORRIS & HALL.

(*Knoxville.* September Term, 1915.)

1. **CORPORATIONS.** Corporate existence. Right to deny.

When a private person enters into a contract with a purported corporation, he thereby admits the existence of a corporation; and hence, if the payee of a note is described by a corporate name, the maker is estopped to deny the corporate existence. (*Post, p.* 474.)

Cases cited and approved: Welland Canal Co. v. Hathaway, 8 Wend., 480; Williams v. Michigan Bank, 7 Wend., 539; Holloway v. Memphis, etc., R. R. Co., 23 Tex., 465; U. S. Express Co. v. Bedbury, 34 Ill., 459; Studebaker·Bros. Mfg. Co. v. Montgomery, 74 Mo., 101; Barbaro v. Occidental Grove No. 16, 4 Mo. App., 429; Harris v. Muskingum Mfg. Co., 4 Blackf. (Ind.), 267; Bennington Iron Co. v. Rutherford, 18 N. J. Law, 107; Weller v. Davis & Sanford Co., 15 Ga. App., 79.

2. **CORPORATIONS.** Corporate existence. Estoppel to deny.

Where a note was made payable to the Ingle System Company, and there was nothing else to show the nature of the company, the payee is estopped to deny the company's corporate existence, for it may be assumed that such company was a corporation; the name not being particularly applicable to a firm. (*Post, p.* 474.)

---

FROM McMINN.

---

Appeal from the Circuit Court of McMinn County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals, to the Supreme Court.— SAM C. BROWN, Judge.

D. S. STUART, for plaintiff.

O. W. WELLS, for defendant.

MR. JUSTICE FANCHER delivered the opinion of the Court.

This suit was instituted before a justice of the peace of McMinn county by the Ingle System Company, averred in the warrant to be a corporation organized under the laws of the State of Ohio, against defendants, Norris & Hall, to recover on an installment note executed by Norris & Hall to the Ingle System Company. Judgment was rendered by the justice in favor of the plaintiff for the amount due on the note.

Defendants appealed to the circuit court of McMinn county, where a written plea was filed by them, averring that:

"The plaintiff is not now and never has been a corporation under the laws of Ohio, as in plaintiff's warrant alleged."

Plaintiff's attorney moved to strike this plea from the files for several reasons, which were overruled by the court, and issue was taken on the plea.

At the conclusion of the proof introduced by the plaintiff, the defendants moved the court to direct the jury to return a verdict in their favor, which motion was sustained by the court. After motion for a new trial the plaintiff appealed in error to the court of civil appeals, where the judgment of the circuit court was reversed, and judgment entered for the amount due on the note and all costs in the case.

The case is before this court by a writ of *certiorari.* The sole question necessary to be here decided is whether the plea of *nul tiel* corporation is to be sustained. The note or contract on which suit was brought does not show on its face, unless it be by inference, that the Ingle System Company is a corporation, and no proof was introduced before the court to show that fact, other than the introduction of the note or contract. The concern is simply referred to in the contract by the name of the Ingle System Company.

While as against the State a corporation cannot be created by the mere agreement or other act or admission of private persons, yet as between private litigants they may, by their agreements, admissions, or conduct, place themselves where they would not be permitted to deny the fact of the existence of the corporation. When a private person enters into a contract with a body purporting to be a corporation, in which that body is described by the corporate name which it has assumed, such private person thereby admits the existence of the corporation for the purposes of the suit brought to enforce the obligations, and will not be permitted to deny the corporate existence of the plaintiff. 10 Cyc., 244, 245; Morawetz on Private Corporations, sec. 774. Many cases are cited on this proposition by the above authorities.

While the above proposition does not seem to be disputed by any authority, there is a division of opinion as to whether the existence of a private cor-

Ingle System Co. v. Norris & Hall.

poration is imported by its name. A few courts have held that in order to raise this presumption, or make out a *prima facie* case by contracting with the assumed corporation, that the fact of its incorporation must be stated in the contract. *Welland Canal Co.* v. *Hathaway,* 8 Wend. (N. Y.), 480, 24 Am. Dec., 51; *Williams* v. *Michigan Bank,* 7 Wend. (N. Y.), 539; *Holloway* v. *Memphis, etc., R. R. Co.,* 23 Tex., 465, 76 Am. Dec., 68.

But the more general statement of the rule, and that which is sustained by the weight of authority, is that one who executes a written obligation to an obligee by a name which is not descriptive of a firm of individuals, but one which imports that it is a corporation, is by that fact estopped in an action thereon to deny the corporate existence of the payee, or perhaps, more properly speaking, the form of name which would be assumed to be a corporation is said to imply that it is a corporation, and the mere introduction of the obligation as evidence will make out a *prima facie* case that the contract is with a corporation. *U. S. Express Company* v. *Bedbury,* 34 Ill., 459; *Studebaker Bros. Mfg. Co.* v. *Montgomery,* 74 Mo., 101; *Barbaro* v. *Occidental Grove, No.* 16, 4 Mo. App., 429; *Harris* v. *Muskingum Mfg. Co.,* 4 Blackf. (Ind.), 267, 29 Am. Dec., 372; *Bennington Iron Co.* v. *Rutherford,* 18 N. J. Law, 107, 35 Am. Dec., 528; *Weller* v. *Davis & Sanford Co.,* 15 Ga. App., 79, 82 S. E., 593. In these cases such names as the following were held to imply a corporation:

"Missouri City Savings Bank;" "Muskegon Manufacturing Company;" "Davis & Sanford Company;" "Bennington Iron Company."

The name "Ingle System Company" does not indicate that it is a firm of individuals. While it is not a conclusive fact, yet it may be fairly assumed as a presumption from the name of the company that it is a corporation, especially at this time, when corporations form so large a part of the concerns engaged in business, and especially among those doing an interstate business, as it appears this concern is doing.

The result reached by the court of civil appeals was therefore correct, and the judgment is affirmed.