Albaugh-Dover Company, Appellee, v. Stephen J. Napieralski, and Dr. Emmanuel F. Napieralski, Appellants.

Gen. No. 22,343.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Samuel H. Trude, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed May 1, 1917. Rehearing denied May 14, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Albaugh-Dover Company, plaintiff, against Stephen J. Napieralski and Dr. Emmanuel F. Napieralski, defendants, to recover on two promissory notes, of which defendants were alleged to be joint makers. From a judgment for plaintiff for $2,114.20, defendants appeal.

L. D. Condee and M. H. Gladstone, for appellants.

Foster, Paine, Reynolds & Bryant, for appellee.

Mr. Justice McDonald delivered the opinion of the court.

## Abstract of the Decision.

1. Bills and notes, § 440*—*when evidence is sufficient to sustain findings that notes were given as accommodation paper.* In an action on two notes against two defendants, where the defense on the part of both was that the notes were given for accommodation, and where one defendant claimed that there was due to him from plaintiff a sum in excess of the amount of the notes for commissions, and the other defendant claimed that he signed as surety, evidence *held* sufficient to sustain findings in favor of plaintiff that no specific amount was due from plaintiff to said one defendant for commissions, and that the notes were not given as accommodation paper.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BILLS AND NOTES, § 270*—*what is effect of failure to give notice of dishonor to joint maker.* Even though an indorser of notes is a joint maker, his liability is not affected by the failure to give notice of dishonor.

3. BILLS AND NOTES, § 274*—*what is effect of failure to give notice of dishonor to surety.* Even though an indorser of notes is a surety, he is not released from liability by the failure to give notice of dishonor.

4. PRINCIPAL AND SURETY, § 14*—*when contention that surety was released from liability by extension of notes is untenable.* In an action on two notes against two defendants, where one of the defendants claimed that he signed the notes as surety and that he was released from liability because payment was extended without his knowledge or consent, *held* that, as the record was barren of any evidence tending to show that any binding agreement of extension had been entered into, such position was untenable.