## 9271.   BREMEN FOUNDRY & MACHINE WORKS *v.* BOSWELL.

Where a suit brought in a justice's court in the name of "Bremen Foundry & Machine Works" as plaintiff did not disclose whether this was the name of a corporation, or of a partnership, or was a name used to designate an individual, and the defendant, without objection to the form of the action, filed a plea, setting up a contract and other transactions with the plaintiff, confessed judgment, and entered an appeal to a jury in the superior court, and on the hearing in the latter court, after the case had been pending there for several terms, filed a demurrer and moved to dismiss the case, on the ground that there was "no proper party plaintiff," that "Bremen Foundry & Machine Works

is neither a corporation, a partnership, nor an individual," it was error to sustain the demurrer and dismiss the case.

DECIDED JUNE 12, 1918.

Appeal; from Carroll superior court—Judge Terrell. October 2, 1917.

*Taylor Smith, Buford F. Boykin,* for plaintiff.

*I. N. Cheney, R. D. Jackson,* for defendant.

JENKINS, J. This was a suit on open account, by "Bremen Foundry & Machine Works" against J. F. B. Boswell, brought to the May term, 1916, of a justice's court in Carroll county. The defendant filed a plea and answer in the justice's court, setting up a contract and other transactions with the plaintiff, confessed judgment, and entered an appeal to a jury in the superior court. The case was passed at the October term, 1916, and at the April term, 1917, of the superior court, and, upon the hearing at the October term, 1917, the defendant presented the following demurrer: "And now comes the defendant and demurs to the summons in above case, and for ground of demurrer says: (1) that there is no proper party plaintiff in said case; that 'Bremen Foundry & Machine Works' is neither a corporation, a partnership, nor an individual. Wherefore defendant prays that his demurrer be sustained and the case dismissed." The court sustained the demurrer and dismissed the suit, and the plaintiff excepted.

In every suit brought in this State, there must be a real plaintiff and a real defendant. The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. Where the name used in a suit as the name of the plaintiff clearly indicates that it is not the name of a natural person, and where it is not such as to import either a corporation or a partnership, the proceeding is wholly void, and should be dismissed upon motion or general demurrer. *Mutual Life Ins. Co.* v. *Inman Park Church,* 111 Ga. 677 (36 S. E. 880); *Knox* v. *Greenfield Estate,* 7 Ga. App. 305 (66 S. E. 805). Where the name is such as to import a corporation rather than an individual or partnership, then even in the absence of such an averment a presumption to this effect prevails until the contrary is made to appear. *Wheeler* v. *Davis & Sanford Co.,* 15 Ga. App. 79 (82 S. E. 593). The petition in such a case is not even subject to special demurrer, and the final judgment is not void or voidable, on account of the mere absence of such an averment. *Charles* v. *Valdosta*

*Foundry Co.,* 4 *Ga. App.* 733, 735 (62 S. E. 493). In a case in which the name of the plaintiff might import either a corporation or a partnership, the defendant, upon calling for the information by timely and appropriate demurrer, is entitled to know from the plaintiff the exact nature of his legal entity; and, upon the filing of such objection, the plaintiff, if it be a corporation, should by amendment so state; and if it be a partnership, it should amend by so alleging, and also by setting out the names of the partners. But in such a suit, where the legal entity of the partnership or corporation is thus not fully disclosed, and the name is such as to indicate that it is either that of a corporation or a partnership, if the defendant fails to thus exercise his privilege of requiring the plaintiff to state specifically the true and exact status of its legal entity, a judgment so obtained without objection is not void or voidable, since the defect is one which could have been cured by amendment. *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774, 776 (50 S. E. 978); *Haynes* v. *Armour Fertilizer Works,* 146 *Ga.* 832, 834 (92 S. E. 648).

In the instant case the name of the plaintiff, "Bremen Foundry & Machine Works," is such as clearly to indicate that it is not a natural person (*Haynes* v. *Armour Fertilizer Works,* supra); but the suit is not a mere nullity, since the name might reasonably import either a corporation or a partnership. But while the name thus imports either of these legal entities, still, since it does not disclose which, the defendant, by timely and appropriate special demurrer, could have required the plaintiff to amend by explicitly stating which of the two legal entities, either of which could be imported, it actually was; and in default of such amendment, upon such timely objection, the suit would have been dismissed. *Hill* v. *Armour Fertilizer Works,* 14 *Ga. App.* 106 (80 S. E. 294).

Since the demurrer filed on the appeal, at the third or fourth term of the court, can not be taken as a motion to dismiss a proceeding wholly void, the judgment sustaining the demurrer and dismissing the action was erroneous. See *Gate City Cotton Mills* v. *Cherokee Mills,* 128 *Ga.* 170 (57 S. E. 320).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*