No. 21,920.

THE LOWELL-WOODWARD HARDWARE COMPANY, *Appellee,* v. G. R. WOODS et al., Partners as THE SUPERIOR LEASING COMPANY (ED. SEMKE, *Appellant*).

### SYLLABUS BY THE COURT.

1. CORPORATION—*Payee of Promissory Note—Maker Estopped to Deny Corporate Existence.* One who has signed a promissory note running to a payee described by a name appropriate to a corporation, although not employing that term, cannot, in an action brought against him thereon by such payee, in which it alleges itself to be a corporation, be heard to question the plaintiff's corporate existence, unless upon a showing that his obligation to make payment would be thereby affected.

2. PROMISSORY NOTE—*Appellant a Member of Partnership—Evidence.* The evidence held to support a finding that the appellant was a member of the partnership in whose name the note sued upon was executed.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed May 10, 1919. Affirmed.

*W. R. Mitchell,* of Mankato, for the appellant.

*R. W. Turner,* and *Donald F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

MASON, J.: An action was brought in the name of the Lowell-Woodward Hardware Company, describing itself as a Colorado corporation, against several persons alleged to constitute a partnership, upon a promissory note. One of the defendants, Ed. Semke, filed an answer consisting of a verified general denial. Judgment was rendered for the plaintiff, and Semke appeals.

1. The appellant's contention is that there was no competent evidence of the plaintiff's corporate existence, or of his being a

member of the partnership described. A witness for the plaintiff testified that it was a corporation, over an objection that the question called for a conclusion, and the ruling is complained of. On cross-examination he stated in full the basis of his opinion, so that the first answer was not prejudicial. (*Insurance Office v. Woolen-mill Co.*, 72 Kan. 41, 82 Pac. 513.) He said that the plaintiff was running a hardware store; that he inferred it was a corporation from its name and its mode of doing business; and that a bank president had told him it was a corporation. Possibly this evidence did not tend to show even the *de facto* existence of the corporation—which is all that could be required (7 R. C. L. 105)—but that will not avail the appellant. One who enters into a written contract with a party described therein as a corporation is precluded, in an action brought thereon by such party under the same designation, from denying its corporate existence. (7 R. C. L. 105, 106; 10 Cyc. 521.) Here the payee was styled in the note, "The Lowell-Woodward Hardware Company," a title which *prima facie* imports a corporation. (3 Ency. of Ev. 599; 7 R. C. L. 699; Note, Ann. Cas. 1912 A 969, 2d column.) There is some difference of opinion as to whether one contracting with an organization styling itself a "company," there being nothing further in the language used to indicate its character, the term "corporation" not being employed, can be heard to deny its corporate capacity when sued by it upon the contract. The cases bearing on the question are collected in *Ingle System Co. v. Norris & Hall,* 132 Tenn. 472, which holds, in accordance with what it regards as the weight of authority, that such defense cannot be made. (See also *Toledo Computing Scale Co. v. Young,* 16 Idaho, 187; *Bremen Foundry & Machine Works v. Boswell,* 96 S. E. 182 [Ga.] ; *Lumber Co. v. Cotton,* 12 Colo. App. 375.) In the leading case to the contrary (*The Welland Canal Company v. Hathaway,* 8 Wend. 480, annotated in 24 Am. Dec. 51), the decision turns upon the fact that some of the elements of equitable estoppel, according to the accepted definition, are lacking. We agree that no full, formal, technical estoppel to deny corporate existence arises from such a state of facts, but we think it accords with modern views of good practice and tends to promote substantial justice to hold, and we do hold, that one who has signed a promissory note

Hardware Co. v. Leasing Co.

running to a payee described by a name appropriate to a corporation, although not employing that term, cannot, in an action brought against him thereon by such payee under the same name, in which it alleges itself to be a corporation, be heard to question the plaintiff's corporate existence, unless upon a showing that his obligation to make payment would be thereby affected. The defendant, having given his promise to pay the sum indicated to the payee named, should not be permitted to escape or delay performance by raising an issue as to the character of the organization to which he is indebted, unless his substantial rights might be thereby affected, which would only be under exceptional conditions. It is thoroughly settled that in such a situation the defendant cannot attack the regularity of the plaintiff's organization, or take any advantage of the fact that it has no legal standing as a corporation. No good reason is apparent why, having explicitly promised to make payment to the concern by which he is sued, he should be permitted to question its *de facto*, any more than its *de jure*, character—to inject into the case an issue having no bearing on his obligation to make payment.

2. Evidence was introduced to the effect that the defendants were engaged in business as a firm, operating a mine in Colorado, under the name, "Superior Leasing Company," which was signed to the note sued on; that the appellant was a member of the company and had put money into it and helped do some work in connection with its business; and that he had signed several notes in its behalf. He himself testified, in effect, that he had been a member of the company until 1912, but had withdrawn from it in November of that year. If his withdrawal under the circumstances stated by him would have released him from liability on the note sued on, the court must be deemed to have found that he had not withdrawn. The decision in favor of the plaintiff was therefore supported by the evidence.

The judgment is affirmed.