[Civ. No. 7270. First Appellate District, Division Two.—May 29, 1930.]

BURROWS SHOE COMPANY, INC. (a Corporation), Appellant, v. AMELIA C. BROTHERTON et al., Respondents.

Bicksler, Smith & Parke and Bicksler, Smith, Parke & Catlin for Appellant.

L. E. Dadmun for Respondents.

DOOLING, J., *pro tem.*—In a suit upon a promissory note judgment went for defendant A. A. Irish as administrator of the estate of B. M. Spencer, deceased.

The note was signed as makers by Amelia C. Brotherton, Louis M. Brotherton and the decedent Spencer in favor of Burrows Shoe Co., Rochester, N. Y., as payee. The evidence showed that the Brothertons were engaged in the retail shoe business and were refused credit by plaintiff, a wholesale shoe dealer, unless they would give a promissory note as security with some responsible third person as a co-maker. Accordingly they procured the decedent, Spencer, to join with them in making the note in question.

The trial court found that it was not proved that plaintiff was a corporation. This finding is attacked on appeal, appellant claiming that by giving the note payable to Burrows Shoe Company, respondent is now estopped to deny its corporate capacity. Respondent answers that there can be no estoppel because the name ''Burrows Shoe Company'' is not necessarily that of a corporation, but might equally be that of a partnership, unincorporated association or individual doing business under a fictitious name. There is respectable authority on both sides of this question (1 Fletcher on Private Corporations, sec. 336, p. 699 et seq.), and the precise point seems never to have been squarely decided in California. We do not think it necessary in this case to decide between these opposing views, but prefer to stand on the middle ground taken by the supreme courts of Tennessee and Kansas in *Ingle System Co.* v. *Norris & Hall,* 132 Tenn. 472, [5 A. L. R. 1578, 178 S. W. 1113], and *Lowell-Woodward Hardware Co.* v. *Woods,* 104 Kan. 729 [180 Pac. 734]. That position is so well stated in the following quotation from the latter case that we adopt it as expressive of our views:

''One who enters into a written contract with a party described therein as a corporation is precluded, in an action brought thereon by such party under the same designation,

from denying its corporate existence. (7 R. C. L. 105, 106.; 10 Cyc. 521.) Here the payee was styled in the note—'The Lowell-Woodward Hardware Company,' a title which *prima facie* imports a corporation. (3 Encyc. of Ev. 599; 7 R. C. L. 699; note, Ann. Cas. 1912A, 969, second column.) There is some difference of opinion as to whether one contracting with an organization styling itself a 'company,' there being nothing further in the language used to indicate its character, the term 'corporation' not being employed, can be heard to deny its corporate capacity when sued by it upon the contract. The cases bearing on the question are collected in *Ingle System Co.* v. *Norris & Hall,* 132 Tenn. 472 [5 A. L. R. 1578, 178 S. W. 1113], which holds, in accordance with what it regards as the weight of authority, that such defense cannot be made. See, also, *Toledo Computing Scale Co.* v. *Young,* 16 Idaho, 187 [101 Pac. 257] ; *Bremen Foundry & Machine Works* v. *Boswell,* 22 Ga. App. 434 [96 S. E. 182] ; *Grande Ronde Lumber Co.* v. *Cotton,* 12 Colo. App. 375 [55 Pac. 610]. In the leading case to the contrary (*Welland Canal Co.* v. *Hathaway,* 8 Wend. [N. Y.] 480, annotated in 24 Am. Dec. 51), the decision turns upon the fact that some of the elements of equitable estoppel, according to the accepted definition, are lacking. We agree that no full, formal, technical estoppel to deny corporate existence arises from such a state of facts, but we think it accords with modern views of good practice and tends to promote substantial justice to hold, and we do hold, that one who has signed a promissory note running to a payee described by a name appropriate to a corporation, although not employing that term, cannot, in an action brought against him thereon by such payee under the same name, in which it alleges itself to be a corporation, be heard to question the plaintiff's corporate existence, unless upon a showing that his obligation to make payment would be thereby affected. The defendant, having given his promise to pay the sum indicated to the payee named, should not be permitted to escape or delay performance by raising an issue as to the character of the organization to which he is indebted, unless his substantial rights might be thereby affected, which would only be under exceptional conditions. It is thoroughly settled that in such a situation the defendant cannot attack the regularity of the plaintiff's organiza-

tion, or take any advantage of the fact that it has no legal standing as a corporation. No good reason is apparent why, having explicitly promised to make payment to the concern by which he is sued, he should be permitted to question its *de facto* any more than its *de jure* character—to inject into the case an issue having no bearing on his obligation to make payment.''

The court further found that decedent, Spencer, signed the note as a surety, without consideration, and that time of payment was extended by agreement with the Brothertons without Spencer's consent. The finding that Spencer signed the note without consideration cannot stand since it appears that plaintiff insisted on his signature to the note before it would ship further shoes to the Brothertons on credit, and afterward made such shipments on the strength of the note as security.

The finding that time of payment was extended is based on evidence that after the note became due an agent of plaintiff agreed to its payment by the Brothertons at the rate of one hundred dollars per month. But there was no new consideration for this promise and the finding must fall, under the authority of *Stroud* v. *Thomas,* 139 Cal. 274 [96 Am. St. Rep. 110, 72 Pac. 1008], which is an identical case.

Finally respondent's contention that his decedent's liability was not fixed because of the lack of presentment, demand and notice of dishonor is answered by the fact that these are not required under the Uniform Negotiable Instruments Law to fix the liability of a surety. (*Colvin* v. *Glover,* 143 Ark. 498 [220 S. W. 832]; *Albaugh-Dover Co.* v. *Napieralski,* 205 Ill. App. 457; *Nortonville Bank* v. *Williams,* 164 Ky. 143 [175 S. W. 10]; *Rouse* v. *Wooten,* 140 N. C. 557 [111 Am. St. Rep. 875, 6 Ann. Cas. 280, 53 S. E. 430]; *Citizens' Bank* v. *Hendrix,* 187 Iowa, 1192 [175 N. W. 17]; *Farmers' Bank* v. *Forsstrom,* 89 Or. 97 [173 Pac. 935]; *Schoenwetter* v. *Schoenwetter,* 164 Wis. 131 [159 N. W. 737].)

The portion of the judgment appealed from is reversed.

Nourse, P. J., concurred.