PLUMMER ET AL. v. THE STRUBY-ESTABROOKE MERCANTILE COMPANY.

1. EVIDENCE—BOOKS OF ACCOUNT.

The fact that, according to the merchants' custom, the charges were made in the first instance upon slips of paper and the same day transferred to a daybook, does not take away from the daybook its character as a book of original entry.

2. SAME.

Admissions contained in a ledger kept by the defendants in the ordinary course of business are admissible as evidence for the plaintiff.

3. SAME—CORPORATE EXISTENCE.

A person who has dealt with a corporation, recognizing it as such, is not permitted, when sued in respect of such dealings, to deny its corporate existence.

4. ATTACHMENT—AFFIDAVIT.

An affidavit for attachment which alleges that the defendant is indebted for "goods, wares and merchandise sold by the plaintiff to the defendant," states the nature of the action sufficiently.

5. PRACTICE—REOPENING REST—DISCRETION.

It is always within the discretion of the trial court to reopen a case for the purpose of allowing additional evidence, and it should reopen it whenever the ends of justice can be advanced thereby.

*Error to the District Court of Arapahoe County.*

Mr. W. J. WEEBER, for plaintiffs in error.

Mr. H. C. VAN SCHAACK, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This action was commenced by an attachment sued out of the district court on the 28th day of December, 1893. The affidavit upon which the writ of attachment is based alleges that there is justly due from the defendants to plaintiff, upon an overdue book account, the sum of $20,630. It is further stated that the account is for "goods, wares and merchandise," sold and delivered by the plaintiff to the defendants at their request. A writ of attachment was issued and levied upon certain merchandise, and a complaint was filed, in which the cause of action stated in the affidavit for attachment is set out in the usual form. In due time the issues were completed by the defendants filing a traverse to the affidavit in attachment, and an answer to the complaint.

By consent of parties the issues upon the attachment and the cause upon its merits were separately tried to the court without a jury. As a result of these trials, the issues upon the attachment were found for the plaintiff and judgment rendered in its favor for $17,400.46.

It appears from the evidence that plaintiff below—The Struby-Estabrooke Mercantile Company—was engaged in the wholesale grocery business, in the city of Denver, and that the defendants were retail dealers. The defendants first commenced dealing with the plaintiff in the month of February, 1888, buying from it at that time goods to the amount of six or seven thousand dollars, upon which a cash payment was made of three thousand dollars, credit being given for

the balance for different periods, ranging from thirty days to four months, it being then agreed that the defendants were to have credit upon future purchases to the amount of about four thousand dollars. In pursuance of this understanding, the parties dealt together for a number of years, the account of the defendants gradually increasing in amount, until it aggregated upwards of twenty thousand dollars.

The plaintiff introduced evidence to show that by agreement, interest was to be charged upon past due accounts at the rate of eight per cent per annum. The defendants deny that there was any agreement for interest; but the uncontroverted evidence shows that plaintiff furnished monthly statements of the account, including therein interest calculated at eight per cent, which were repeatedly paid by the defendants without objection. In addition to this, the defendants' ledger was introduced in evidence by the plaintiff, and this shows that plaintiff was credited with interest from time to time, as charged. It may be considered as established, therefore, that interest might properly be charged at the rate of eight per cent per annum, although plaintiff from time to time threw off a portion of this interest, so that in the aggregate it did not amount to more than six per cent per annum.

Evidence was introduced by plaintiff showing that defendants owed it the sum of $20,630 upon this book account, and that it was all overdue, while the defendants' books showed a balance in favor of the plaintiff of $20,470.83. The defendants testified that a part of this account was not due, and the court thereupon deducted the amount so claimed not to be due, and rendered judgment for the balance only, viz. $17,400.46, leaving the amount not due unsettled.

Upon the evidence there can be no doubt but that the defendants owed plaintiff, at the time of the trial, at least the sum of $17,400.46, the amount of the judgment rendered, and if the court had adopted plaintiff's version of the transaction, the amount of the judgment would have been largely increased. That the amount was upon a book account, long

overdue at the time of the commencement of the action, is established beyond controversy.   In these circumstances, the judgment upon the attachment and the main issue must be affirmed.   Courts of review do not sit for the purpose of reversing just and proper judgments, although in some cases it may be necessary to award new trials because some of the safeguards have been violated, which universal experience has shown to be necessary to the orderly and proper administration of justice.   We will, however, briefly consider each of the several errors argued.

The first is that the lower court erred in admitting in evidence for plaintiff a certain account book, the reasons assigned being that this book was not a book of original entry.   The proof shows that according to plaintiff's custom, such sales as were made were put down, when made, in pencil upon sheets of paper, and shortly thereafter copied into a daybook. The fact that the charges were made in the first instance upon slips of paper, and the same day transferred to a daybook, does not take away from such daybook its character as a book of original entry.   1 Wharton's Law of Evidence, sec. 682; 1 Greenleaf on Evidence, sec. 116; *Redlich v. Bauerlee*, 98 Ill. 134.

The next assignment of error raises the question of the admissibility of the defendants' ledger as evidence for the plaintiff.   This ledger was one of the books kept by the defendants in the ordinary course of business.   Plaintiff's account appeared upon it, with others.   This was admissible as an admission against interest made by the defendants.

It is next urged that the district court erred in overruling a motion for a nonsuit, and in sustaining the attachment, for the reason, *first*, because plaintiff failed to introduce any evidence of its corporate existence; *second*, because plaintiff failed to introduce evidence of the entire account from books of original entry.

In answer to the first objection, it is sufficient to say that the law is well settled that where a person has dealt with a corporation, recognizing it as such, he is not permitted, when

sued for such dealings, to deny its corporate existence. These parties, plaintiff and defendants, at the time of the suit, had been dealing together for a period of six years, during which time bills were rendered by the plaintiff, and paid to it in its corporate capacity by the defendants, and it was unnecessary for the plaintiff to introduce any additional evidence of its incorporation.

As to the second ground of objection, while it is true that plaintiff did not introduce evidence from books of original entry for the entire account, it did introduce evidence from such books for part of the account, and substantiated the entire account by oral evidence, and by the admissions of the defendants; and more than this is not required.

There is no merit in the next assignment of error, to the effect that the affidavit in attachment is defective because it does not state the nature of the action, as the affidavit does state the nature of the action by alleging it to be for "goods, wares and merchandise sold by the plaintiff to the defendants."

The attachment issue and the issue upon the main case were tried separately, upon different days. Upon the trial of the main issue, plaintiff closed its case without offering certain evidence which had been received upon the attachment issue. The plaintiff, deeming this evidence important, upon the main issue, sought and obtained permission to re-open its case for the purpose of introducing the same. The defendants were not prejudiced by such action of the court. They had full opportunity to cross-examine plaintiff's witnesses, and to meet such additional evidence by the evidence of their own witnesses. It is always within the discretion of the trial court to permit the reopening of a case for the purpose of allowing additional evidence, and it is the duty of the trial court to thus reopen a case whenever the ends of justice can be advanced thereby.

A number of errors are assigned upon the admission of oral evidence, but as the evidence objected to could have in

no way affected the result, it is not necessary to consider the assignments of error based thereon. The judgment of the district court is right, and must be affirmed.

*Affirmed.*