[No. 5119.]

[No. 2703 C. A.]

## CALLAHAN v. THE CHILCOTT DITCH COMPANY.

1.  **Corporations—Stockholders—Notice of By-Laws.**

    A person, by becoming a stockholder of a corporation, by implication, enters into a contract with it to pay all assessments upon his stock, levied pursuant to the governing statutes and to the by-laws of the corporation, and he will be presumed to have notice of such by-laws.—P. 334.

2.  **Corporation—Stockholders—Participation in Meeting—Payment of Assessments—Estoppel from Denying Existence and Authority.**

    A stockholder who participates in a meeting of the stockholders, at which it was voted to extend the life of the corporation, and in a meeting at which an assessment was levied, and who pays the assessments made, is estopped from denying the existence of the corporation under its certificate extending its corporate life, and also from denying its authority to levy such assessments.—P. 335.

3.  **Corporations — Stockholders — Adjourned Meeting—Ratification.**

    Where a stockholder paid an assessment levied at a stockholders' meeting, he ratified such meeting and thereby became liable for an additional assessment levied at an adjourned session of that meeting, although he received no notice of such adjourned session, as no notice of such adjournment was necessary.—P. 335.

4.  **Water and Water Rights—Corporations—Stockholders—Assessments—Notice of Meetings—Evidence.**

    Where, in an action by a corporation against a stockholder for certain unpaid assessments, the secretary of the corporation testified that he mailed to defendant's post-office address the required notice of all meetings thirty days prior thereto, and the record contained the affidavits of publisher, with printed notices attached, that such notices were published for a period of ten days preceding such meetings, and it was admitted that the publisher, if present, would testify to the same effect; and the secretary further testified that he mailed to the stockholder's post-office address notices that such assessments had been levied; and no attempt was made by defendant to meet this evidence. Held, that such notices met the requirements of 3 Mills' (Rev.) Stats., § 481, and that defendant stockholder is liable for such assessments.—P. 336.

5. **Water and Water Rights—Corporations—Stockholders—Assessments on Fully Paid Stock—Estoppel.**

A person holding fully paid stock in an irrigation company cannot object to the validity of assessments .thereon, which he either voted for or paid, although the authorized stock of the company had not "been fully subscribed and paid up," as required in such cases by § 569, Mills' Ann. Stats.—P. 336.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by The Chilcott Ditch Company, a corporation, against A. P. Callahan. From a judgment for plaintiff, defendant appeals.    *Affirmed.*

Mr. J. W. SHEAFOR and Mr. W. P. KINNEY, for appellant.

Mr. H. McGARRY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellee, ditch company, was incorporated under the laws of the Territory of Colorado February 11, 1874. February 17, 1894, pursuant to session laws, March 19, 1891, ·3 Mills' (Rev.) Stats., § 567a, the term of incorporation of appellee was extended by filing in the proper offices the certificate provided for by ·statute. By its original articles of incorporation, the· capital stock was $9,000, divided into 180 shares of the par value of $50 per share.

May 7, 1897, it amended article 3 of its articles of incorporation, reducing its. capital stock to 105 shares of the par value of $50 per share, and, on the same day, filed in the proper offices certificates of full-paid capital stock.

. The object for which the company was incorporated was irrigation.

The complaint, which was in eight counts, in substance alleged that at eight meetings of the stock-

holders of the corporation, assessments in various amounts were levied upon each share of the capital stock of the corporation, to provide means for paying the debts of the corporation and meeting current expenses.

Authority for this action is found in § 569, Mills' Ann. Stats., which provides that any corporation owning any ditch or canal for conveying water for irrigating purposes, the capital stock of which has been fully subscribed and paid up, which has no income sufficient to keep its ditch or canal in good repair, shall have power to make an assessment on the capital stock thereof to be levied *pro rata* on all shares of stock, payable in money or labor, or both, for the purpose of keeping the property of said corporation in good repair and for the payment of any claims against said corporation not otherwise provided for.

The statute in force at the time, 3 Mills' (Rev.) Stats., § 481, and the by-laws of the corporation, provide that public notice of the annual and special meetings of the stockholders shall be given by publication thereof in a newspaper published in or nearest to the principal place of business of the corporation, not less than ten days previous to such meetings.

Appellant, by his answer, admits that he was a stockholder in the company, denies the regularity of the meetings of the stockholders at which assessments were alleged to have been levied and the validity of such assessments, by reason of the fact that notices of such meetings had not been given as required by the statute in force and the by-laws of the company; denies that he had received notice as required by the by-laws of the company of the levying of such assessments, and pleads, as a counterclaim, matter immaterial to this opinion.

A trial to the court resulted in a judgment against appellant for the amount sued for in the complaint.

Appellant offered no evidence at the trial except in support of his counter-claim, which was rejected by the court.

It is admitted that, during the time covered by the matters involved herein, appellant was the owner of 12 shares of the capital stock of the company, which he acquired by purchase February 12, 1892.

Appellant was represented and voted by proxy at a meeting of the stockholders of the company held February 5, 1894, at which action was taken pursuant to 3 Mills' (Rev.) Stats., § 567b, extending the life of the corporation. He was also represented and voted by proxy at a meeting of the stockholders held March 4, 1895, at which an assessment was levied upon the stockholders, which assessment was the basis of the first cause of action alleged in the complaint.

At the trial, the secretary of the company produced a statement of the account of the company against appellant, taken from the books of the company, which showed that appellant had paid in full the assessments levied at the second, third and fourth meetings of the stockholders, which formed the basis of the second, third and fourth counts of the complaint. The secretary of the company testified that due notice of the levying of all assessments and demand for payment thereof was mailed to appellant at his post-office address pursuant to the by-laws of the company.

By becoming a stockholder, appellant, by implication, entered into a contract with the company to pay all assessments upon his stock, levied pursuant to the governing statute and by-laws of the company, of which by-laws appellant will be presumed to have

had notice. Appellant maintained that the extension of the corporate existence of the company was not proven, and, therefore, there was no evidence to show that it was authorized to levy the assessments sued for.

The participation of appellant in the meeting of the stockholders at which it was voted to extend the life of the company, and, in a meeting at which an assessment was levied and his payment of assessments levied, estopped him to deny the existence of the corporation under its certificate extending its corporate life and also its authority to levy such assessments.—*Humphrey v. Mooney,* 5 Colo. 282, 288; *Plummer v. Struby Estabrook,* 23 Colo. 190; *Lumber Co. v. Cotton,* 12 Colo. App. 375; *Thompson v. Commercial, etc., Co.,* 20 Colo. App. 331; Cook on Corporations (4th ed.), §§ 181 and 185; *Masonic Temple Ass'n v. Channell,* 45 N. W. (Minn.) 716.

The fifth cause of action alleged was for an assessment levied at a meeting held October 17, 1896, an adjourned session of the meeting of August 17, 1896.

Appellant paid the assessment levied at the meeting of August 17, 1896, and thereby ratified the action of such meeting.

The objection to this assessment is, that the notice required by the statute and by-laws of the company was not given. This being an adjourned session of the meeting, the action of which appellant had ratified, no notice of such adjournment was necessary.

The sixth, seventh and eighth causes of action were based upon assessments levied at meetings of the stockholders called for the purpose of levying assessments, which assessments appellant objects to for the reason last above stated.

The uncontradicted testimony of the secretary of the company is, that he mailed to appellant's post-office address the required notice of all these meetings, thirty days before the dates of the meetings. The record contains affidavits of the publisher of the newspaper in which the notices were published to the effect that notices, copies of which are attached to the affidavits, were published for a period of ten days preceding the dates of the meetings, it being admitted that the publisher, if present, would testify to the same effect. The secretary also testified that he mailed to the post-office address of appellant notices that such assessments had been levied.

No attempt was made by appellant to meet this evidence. The published notices met the requirements of the law in every respect.

The contention of appellant with reference to these causes of action is untenable. Appellant contends that all assessments levied prior to May 17, 1897, the date when the company reduced its capital stock, were illegal, for the reason that, during such period of time, 85 shares of the capital stock of the company had not been "fully subscribed and paid up," in the language of the statute, 1 Mills' Ann. Stats., § 569.

It appears from the record that, at the first annual meeting of the stockholders of the company, held March 6, 1875, it was voted that the books of the company be closed, and that no more stock be sold without the consent of the stockholders, and that the outstanding stock of the company had never exceeded 105 shares.

In view of the fact that appellant had either voted for or paid all assessments levied on his stock prior to the date when the capital stock of the company was decreased, he, by his own action, ratified such assessments, and cannot now complain.

After the statement of the account between the company and appellant, and the testimony of the secretary of the company relating thereto had been introduced, showing that the assessments sued for in the second, third and fourth causes of action had been paid, appellant applied for and obtained leave to amend his complaint to conform to such testimony.

This statement is made in view of the variance and discrepancy between the pleadings and the proof, made manifest by this opinion.

Other errors assigned have been examined, and are found to be without merit.

The judgment will be affirmed, the former opinion withdrawn, and judgment of May 7, 1906, vacated.                                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.