[No. 6350.]

KELLEHER v. THE DENVER MUSIC COMPANY.

**Corporation—Corporate Capacity—Estoppel to Deny—**One who has negotiated with a corporation for the purchase from it of a chattel already in his possession, will not be heard to deny the corporate existence, in an action instituted by the corporation to recover such chattel.—(213)

And the execution of a redelivery bond in replevin, payable to a corporation by its corporate name, estops the defendant to question its corporate existence.—(214)

*Appeal from Denver County Court*—Hon. CHARLES MCCALL, Judge.

Mr. BEN F. BROWN, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, brought a suit in replevin against the appellant, as defendant, before a justice of the peace, to recover the possession of an electric piano. The judgment in that court was in favor of the defendant, from which the plaintiff appealed to

the county court, where the cause was tried *de novo,* with the result that plaintiff was successful, and a judgment rendered in its favor for the return of the property involved, or, in case return thereof could not be had, that it have and recover from the defendant the sum of two hundred dollars, the value of such property. From this judgment the defendant has brought the case to this court for review on appeal.

The only error assigned is, that the court erred in permitting a witness on behalf of plaintiff to testify that it was a corporation, the contention being that this fact could only be shown by a copy of its articles of incorporation. It appears from the testimony that the piano in question had been sold to a man by the name of Porte; that he executed a chattel mortgage thereon to secure a part of the purchase price, and that afterwards the defendant obtained possession of it, part of the indebtedness secured by the chattel mortgage still being unpaid.

Prior to the commencement of the replevin suit negotiations were had between the parties with a view to the defendant becoming the purchaser. The negotiations were unsuccessful.

The name of plaintiff indicated that it was a corporation. One who has negotiated with a corporation with the view of purchasing from the latter an article of personal property in his possession will not be permitted, in an action against him by the corporation, to recover the possession of such property, to question its corporate existence.—*Plummer v. Struby-Estabrook Mer. Co.,* 23 Colo. 190; *First Cong. Church v. Grand Rapids School Furniture Co.,* 15 Col. App. 46; *Grande Ronde Lumber Co. v. Cotton,* 12 Col. App. 375.

The record discloses that in the justice's court the defendant executed a redelivery bond. This obligation was in favor of the plaintiff in its capacity

as a corporation, by virtue of its name, and was not only *prima facie* proof of its corporate existence, but estopped the defendant from denying it.—*Joseph Holmes Fuel & Feed Co. v. Commercial Nat'l Bank,* 23 Colo. 210.

The judgment of the county court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Bailey concur.