ROCKY MOUNTAIN SALES & SERVICE, INC., a Colorado corporation, Plaintiff-Appellant,

v.

HAVANA RV, INC., a Suspended Colorado corporation, Defendant,

and

Tom Dwyer, d/b/a Havana RV, Defendant-Appellee.

No. 81CA0509.

Colorado Court of Appeals, Div. II.

Oct. 22, 1981.

Arkin, McGloin & Davenport, P. C., Fotios M. Burtzos, Denver, for plaintiff-appellant.

Worstell & Wyatt, Neal K. Dunning, Denver, for defendant-appellee.

VAN CISE, Judge.

This is an action filed May 15, 1980, by plaintiff, Rocky Mountain Sales & Service, Inc. (the seller), to recover on a debt which arose as a result of a generator being ordered in the name of defendant Havana RV, Inc. (Havana RV), while that company was under suspension. It had been suspended from October 22, 1979, to May 14, 1980, for failure to file and pay the fee for filing the 1978 annual report. Subsequent to the delivery of the generator, Havana RV was reinstated as a corporation in good standing. The generator was ordered by defendant Tom Dwyer, Havana RV's president, through an employee. The seller sought a joint and several judgment against both the suspended corporation and Dwyer. Havana RV admitted liability, and judg-

ment was entered against it. The seller appeals the court's dismissal of the action against Dwyer. We affirm.

The only issue on appeal is whether Dwyer, who continued to operate the business under its corporate name at the same location and with the same personnel during the period of its suspension, is personally liable to pay the debt incurred during the suspension period. We agree with the trial court that he is not liable.

Section 7–10–109(2), C.R.S.1973 (1980 Cum.Supp.), pertaining to suspension of domestic corporations for failure to pay fees and file appropriate reports, provides that "[a]ny domestic corporation which is suspended under the provisions of this section . . . shall be inoperative and no longer competent to transact business in this state . . . ." Section 7–10–109(4), C.R.S.1973 (1980 Cum.Supp.), states that "any suspended domestic corporation may become reinstated, revived, and operative" by filing the current year's report and paying the filing fee therefor plus a reinstatement fee and penalties. This was done here, and Havana RV was reinstated on May 14, 1980.

We regard *Dominion Oil Co. v. Lamb*, 119 Colo. 62, 201 P.2d 372 (1948) as dispositive on this issue. In that case, Dominion, a domestic corporation, sued for specific performance of a contract executed by it at a time when, under earlier but similar statutes, it had been declared "defunct and inoperative and no longer competent to transact business within the state" for failure to pay certain taxes and fees. The statutes then applicable provided further that on payment of taxes and penalties, "such defunct and inoperative corporations shall become reinstated, revived and operative" and shall be "relieved from the forfeiture of its right to do business within this state . . ." Pursuant thereto, Dominion was reinstated before judgment was entered. The trial court held that the subsequent revival did not make valid the invalid acts done by Dominion while defunct and inoperative. Our Supreme Court reversed, holding that on becoming

" 'reinstated, revived and operative', the revived corporation is regarded as having had continuous existence ... that the section of the statute here under consideration 'was intended, not to effect a dissolution of a corporation ... but merely to suspend its operation while it is in default.' "

 Similarly, here, with reinstatement, Havana RV was, as stated in *Dominion Oil Co. v. Lamb, supra*, "in the same situation as it would have been in had it paid its franchise taxes when due," and is regarded as having had continuous existence. Its powers are retroactive to the date of its suspension, and the effect is the same as if the suspension had never occurred.

It follows that, as in any action on a corporate debt, Dwyer, as an officer and employee of Havana RV, is not liable for what is here a purely corporate obligation.

In the trial court, Dwyer moved for and was denied an award of his attorney's fees incurred in defending against what he claimed to have been a frivolous and groundless action as to him. *See* §§ 13–17–101 and 13–17–102, C.R.S.1973 (1980 Cum. Supp.). On appeal he asks this court to reverse the trial court's denial of his motion and also asks for his fees on appeal, pursuant to § 13–17–103, C.R.S.1973 (1980 Cum. Supp.).

Although in his motion for new trial he raised this issue, he did not file a notice of cross-appeal. Therefore, this court has no jurisdiction to consider his application for affirmative relief in excess of that afforded him by the trial court. *City of Delta v. Thompson*, 37 Colo.App. 205, 548 P.2d 1292 (1975).

Also, we see no basis for an award of damages pursuant to C.A.R. 38. Although we hold against the appellant here, there was a genuine disputed issue in this matter, and the appeal was not frivolous.

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.