**GRAHAM, INC., a Colorado corporation,
Plaintiff-Appellant,**

v.

**The MOUNTAIN STATES TELEPHONE
AND TELEGRAPH COMPANY, a Colorado corporation, Defendant-Appellee.**

**No. 83CA0068.**

Colorado Court of Appeals,
Div. II.

Feb. 16, 1984.

Rehearing Denied March 22, 1984.

Polidori, Rasmussen, Gerome & Jacobson, Gary L. Polidori, Dennis J. Jacobson, Lakewood, for plaintiff-appellant.

Stuart S. Gunckel, Kathryn Marie Krause, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Graham, Inc. (Graham), appeals from the trial court's entry of summary judgment dismissing its complaint against

the telephone company for an alleged breach of contract. We affirm.

 The sole question presented in this appeal is: Can a corporation, after dissolution, sue for breach of a contract, which contract was entered into while the corporation was defunct and inoperative? We hold that it cannot.

The relevant facts are reflected by the following chronology. On March 27, 1975, Graham, Inc., was incorporated in the State of Colorado. On December 6, 1977, it was suspended for failure to file reports and pay fees pursuant to Colo.Sess.Laws 177, ch. 69, § 7–10–103(1) at 400 (subsequently modified). On June 3, 1980, Graham alleges that it entered into a contract with Mountain States Telephone and Telegraph Company for publication of yellow page advertising and that this contract was breached. On January 1, 1981, the corporation was involuntarily dissolved pursuant to § 7–8–113, C.R.S. (1983 Cum.Supp.).

In May 1981, plaintiff filed this case. Among the defenses asserted by defendant was that plaintiff was precluded from bringing under the Colorado Corporation Code this action.

### I.

On June 3, 1980, the date on which Graham alleges it entered into a contract with defendant, Graham had already been suspended for nearly two and one-half years. The then applicable statute, Colo.Sess.Laws 1977, ch. 69, § 7–10–109(2) at 104 provides, *inter alia*, that corporations which have been declared defunct and inoperative shall be "inoperative and no longer competent to transact business in the state of Colorado." This subsection along with subsections (3) and (4) delineate the only acts in which a suspended corporation may engage. Entry into contracts in the furtherance of conducting business is not included.

In construing the statute, we must attempt to give effect to each word and phrase contained therein. *Gearhart-Owen Industries, Inc., v. Panhandle Production Co.*, 624 P.2d 355 (Colo.1980). Thus, if Graham purported to enter a contract while suspended under this section, it performed an act which was without legal competency or significance, and such purported contract cannot therefore become the basis of any claim by Graham. To hold otherwise would be to allow a corporation to continue to reap the benefits of doing business and render the preclusion meaningless.

Lest this rule appear overly harsh, it should be noted that under § 7–10–109(4) C.R.S. (1976 Cum.Supp.) (subsequently modified in irrelevant fashion) one of the acts a suspended corporation is permitted to do is to file the delinquent reports and pay the penalties and fees necessary to become reinstated, revived, and operative. This may be done at any time *prior* to dissolution, and, if done, the corporation's powers are restored, retroactive to the date of suspension and the effect is the same as if the suspension had never occurred. *Rocky Mountain Sales & Service, Inc. v. Havanah RV, Inc.*, 635 P.2d 935 (Colo.App. 1981). Graham, however, made no effort in this regard and was dissolved some months prior to bringing this action.

Relying upon § 7–8–122, C.R.S., Graham argues that its dissolution does not preclude its bringing a lawsuit. That statute provides:

"The dissolution of a corporation in any manner shall not take away or impair any remedy available to or against the corporation, its directors, officers, or shareholders for any right or claim existing or any liability incurred prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of dissolution."

Although this lawsuit was commenced within two years of Graham's dissolution, for it to survive against a summary judgment of dismissal the suit must assert a claim upon which relief can be granted. By virtue of Graham's defunct status, no such claim was asserted here.

### II.

 Graham next contends that the defendant in this case should be estopped

**1336**

from raising Graham's legal existence or capacity as a defense. We disagree. The equitable doctrine which holds that a party who has dealt with a business in its corporate capacity is estopped from denying its legal existence has no application here.

The three cases relied upon by Graham for this proposition, *Kelleher v. Denver Music Co.*, 48 Colo. 212, 109 P. 860 (1910), *Plummer v. Struby-Estabrooke Mercantile Co.*, 23 Colo. 190, 47 P. 294 (1896) and *Thompson v. Commercial Union Assurance Co.*, 20 Colo.App. 331, 78 P. 1073 (1904) are inapposite. These cases were all decided prior to the enactment of Colo. Sess.Laws, 1911 ch. 101, p. 253. That statute was the first in which the General Assembly determined that corporations which failed to comply with the reporting and fee requirements of the corporation law should be incompetent to do business in Colorado, and was the precursor of our present statute.

If a statute precludes a corporation, itself a creature of statute, from acquiring any claims or rights as a result of transacting business within this state during its period of suspension, such claims or rights may not in fact arise. To rule to the contrary would subvert the public policy of the state by allowing a suspended corporation to benefit from transacting business contrary to the intent of the General Assembly. *See Dominion Oil Co. v. Lamb,* 119 Colo. 62, 201 P.2d 372 (1949). We hold, therefore, that under the facts here, the equitable doctrine of estoppel has no application, and that the invalidity of Graham's claim by virtue of the suspension statute was properly raised by defendant.

Plaintiff's other contentions are either disposed of by our disposition here or are without merit.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.