David BILLINGS, Petitioner and
Cross-Respondent,

v.

Joe MICCICHE, Respondent and
Cross-Petitioner,

and

The Industrial Commission of The
State of Colorado, Respondent
and Cross-Respondent.

Nos. 83CA1297, 83CA1315.

Colorado Court of Appeals,
Div. I.

August 9, 1984.

Rehearing Denied Sept. 6, 1984.

Certiorari Granted Nov. 19, 1984.

James A. May, Denver, for petitioner and cross-respondent.

Dennis H. Gunther, Denver, for respondent and cross-petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent and cross-respondent.

ENOCH, Chief Judge.

In this workmen's compensation case, David Billings, seeks review of the Industrial Commission's order holding that Joe Micciche was not personally liable to Billings. Micciche cross-petitions. We affirm in part and reverse in part.

Billings, a welder, was employed by Mountain States Welding and Sheet Metal, Inc., in December 1979. He sustained an injury arising out of and in the course of his employment with this company in August 1980. The company was uninsured because its workmen's compensation insurance policy had been cancelled effective July 15, 1980, for non-payment of premium. The company had also been suspended as a corporation by the Secretary of State on October 27, 1979, for failure to pay fees and file an annual report. *See* § 7–10–109, C.R.S. (1983 Cum.Supp.). However, the company continued its operation and was doing business as a corporation on the date of the injury.

The Commission's order affirmed a referee's decision as to compensability, temporary disability, medical costs, bond deposits, and as to the finding that Micciche was an individual principal of the incorporated business at the time of the injury. However, the order vacated the referee's decision which had held that the suspended corporation was nothing more than a partnership and that, therefore, the individual "partners," including Micciche, were jointly and severally liable to Billings.

In his cross-petition, Micciche contends that the Commission erred in finding that he was a principal active in the corporation. We disagree.

◼ Although there is conflicting evidence on the issue, there is substantial evidence to support the Commission's finding that Micciche was a corporate officer and a shareholder. Therefore this holding will not be overturned on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

◼ Billings agrees with the Commission's conclusion as to Micciche's legal status in the corporation, but contends that the Commission erred in holding that individual shareholders and officers of a suspended corporation are not individually liable as a matter of law for obligations of the suspended corporation. We agree.

◼ Section 7–10–109(2), C.R.S. (1982 Cum.Supp.) states that "any domestic corporation which is suspended ... shall be inoperative and no longer competent to transact business in this state ...." Al-

though Mountain States' suspended status under this section does not necessarily preclude its continued existence as at least a de facto corporation, *see People v. Zimbelman*, 194 Colo. 384, 572 P.2d 830 (1977), that fact does not address the issue of personal liability of an individual shareholder and officer of a suspended corporation.

■ However, § 7–3–104, C.R.S., states that "all persons who assume to act as a corporation without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof." Here, Micciche and the other officers of the suspended corporation continued to operate the business as a corporation in spite of § 7–10–109(2). Therefore, Micciche is jointly and severally liable for the liability arising from Billings' accident.

The case of *Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.*, 635 P.2d 935 (Colo.App.1981), cited by the Commission, is inapposite. There, a corporation incurred a debt during the time the corporation was suspended. However, the corporation was later reinstated. This court held that, because of the reinstatement, the corporation was regarded as having had a continuous existence, and its powers were retroactive to the date of suspension. Therefore, with reinstatement, it was as if no suspension had occurred and a corporate officer could not be held liable for the corporate debt incurred during the suspension. Here, however, no such reinstatement has occurred.

The Commission's order concerning Micciche's legal relationship to the corporation is affirmed. The Commission's order that Micciche was not jointly and severally liable as an individual is set aside and the cause is remanded with directions to reinstate the referee's conclusion, and for such further proceedings as necessary to enforce the award of benefits.

STERNBERG and BABCOCK, JJ., concur.