**Mark J. PAULSON and William L. Paulson, Plaintiffs–Appellants and Cross–Appellees,**

**v.**

**Earnest R. DAKOLIOS and Wanda E. Dakolios, Defendants–Appellees and Cross–Appellants.**

**No. 87CA0371.**

Colorado Court of Appeals, Div. V.

Oct. 13, 1988.

Rehearing Denied Nov. 10, 1988.

Certiorari Denied Feb. 13, 1989.

Zak, Fox, Pehr & Fuller, Richard L. Fuller, Westminster, for plaintiffs-appellants and cross-appellees.

Burg & Eldredge, Michael S. Burg, Denver, for defendants-appellees and cross-appellants.

VAN CISE, Judge.

Plaintiffs, Mark J. and William L. Paulson, appeal the judgment entered in favor of defendants, Earnest R. and Wanda E. Dakolios, dismissing all of plaintiffs' claims. We reverse.

During the period February through May of 1985, K & Mark Electric, Inc., entered into a contract with defendants to perform labor and provide services and materials to repair defendants' concrete plant. Plaintiffs were the officers, directors, and stockholders of the corporation. They claimed defendants owed $11,469.84 plus interest for the work and materials furnished. Defendants admitted owing $4,115.68 but denied owing the balance. This suit followed, with plaintiffs suing as individuals.

At trial, the evidence showed that K & Mark Electric, Inc., an electrical repair business, was incorporated in 1976. The corporation, however, was suspended in 1978 pursuant to § 7–10–109, C.R.S., for failure to file its annual reports and to pay the annual corporate fees. That suspension continued until 1982 when the corporation was involuntarily dissolved by operation of law pursuant to § 7–8–113(6), C.R.S. The two-year renewal option prescribed in

§ 7–8–124, C.R.S., was not exercised. It was after that option expired that the subject contract was entered into.

Based on that evidence, the trial court granted defendants' motion to dismiss. It ruled that, since the corporation was defunct and dissolved and had no right to enter into any contract or to sue, the principals of that corporation, the plaintiffs, although they could be held individually liable for a breach of that contract, "may not reap the benefits, either as a corporation or through the back door as partners of any contract which they make."

Plaintiffs contend the trial court erred in holding that they were barred from asserting claims as individuals for breach of contract from transactions occurring after final, involuntary dissolution of the corporation. We agree.

Since K & Mark Electric, Inc., suspended in 1978 and involuntarily dissolved in 1982, did not avail itself of the two year renewal option, it ceased to exist as a legal entity by 1984 or earlier. As Colorado does not now recognize the existence of de facto corporations, *Bowers Building Co. v. Altura Glass Co.*, 694 P.2d 876 (Colo.App.1984), any actions taken by plaintiffs in the former corporate name after the renewal period had expired must be viewed as the actions of individuals. *See Richardson v. Keely,* 58 Colo. 47, 142 P. 167 (1914); *Jones v. Aspen Hardware Co.*, 21 Colo. 263, 40 P. 457 (1895). *See also Board of County Commissioners v. Berkeley Village*, 40 Colo.App. 431, 580 P.2d 1251 (1978) (failure to comply with trade name statute does not affect validity of contracts entered). Accordingly, the plaintiffs are personally liable for any breaches of their contracts and are entitled to "reap the benefits" of those contracts.

Under these circumstances, we hold that the trial court erred in dismissing plaintiffs' claim.

This case is distinguishable from *Graham, Inc. v. Mountain States Telephone & Telegraph Co.*, 680 P.2d 1334 (Colo.App. 1984) in which the subject business was merely suspended rather than finally dissolved. Also, unlike here, in *Micciche v.*

*Billings,* 727 P.2d 367 (Colo.1986) the corporation remained a "valid legal entity" under the corporate code.

In view of the above holding, we need not address plaintiffs' other contentions for reversal. Also, in view of the remand, the trial court may see fit to reconsider, in its discretion, its previous rulings on defendants' motions to amend their admissions and to amend their answer as sought in defendants' cross-appeal.

The judgment is reversed, and the cause is remanded for a new trial on all issues.

PLANK and FISCHBACH, JJ., concur.