**AWANDERLUST TRAVEL, INC., a Colorado corporation d/b/a Towne & Country Travel, Plaintiff–Appellee,**

v.

**Robert KOCHEVAR, Jean Kochevar, and Kochevar Enterprises, Inc., a Colorado corporation, Defendants–Appellants.**

No. 99CA1926.

Colorado Court of Appeals, Division III.

Feb. 15, 2001.

Campbell, Bohn, Killin, Brittan & Ray, Michael G. Bohn, Denver, CO, for Plaintiff–Appellee.

Timothy W. Cresswell, Lakewood, CO, for Defendants–Appellants.

Opinion by Judge MARQUEZ.

In this action to enforce a promissory note executed pursuant to the sale and purchase of a travel agency, defendants, Kochevar Enterprises, Inc. (Kochevar Inc.), Robert Kochevar, and Jean Kochevar, appeal a judgment dismissing all their counterclaims and limiting their defense of setoff. They also appeal the denial of their motion to dismiss and their motion for contempt. We affirm in part, reverse in part, and remand for further proceedings.

In 1996, plaintiff, Awanderlust Travel, Inc., agreed to sell its travel agency business to defendant Kochevar Inc. As part of the transaction, defendants Robert and Jean Kochevar, principals of Kochevar Inc., executed a promissory note. When defendants failed to pay the promissory note, plaintiff brought the present lawsuit to collect the amounts owed.

In June 1998, defendants admitted all allegations of plaintiff's complaint by confessing judgment in plaintiff's favor. By stipulation, defendants also waived all affirmative defenses except setoff, as reflected in the transcript of the trial management conference and the trial court's case management order.

Thereafter, over defendants' objection, the trial court (a different judge presiding) denied certain motions by defendants and ruled that under the case management order, defendants would not be allowed to present their counterclaims by way of setoff.

## I.

■ Defendants contend that the trial court erred in denying their motion to dismiss for lack of subject matter jurisdiction over plaintiff, which is an administratively dissolved corporation. We disagree.

In pertinent part, § 7–114–105, C.R.S. 2000, provides:

(1) A dissolved corporation continues its corporate existence but may not carry on any business *except as is appropriate to wind up and liquidate its business and affairs, including:*

(a) Collecting its assets;

(b) *Disposing of its properties* ... and (e) *Doing every other act necessary to wind up and liquidate its business and affairs.*

(2) *Dissolution of a corporation does not:* ...

(e) *Prevent commencement of a proceeding by or against the corporation in its corporate name;* or

(f) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution. (emphasis added)

In relevant part, § 7–114–202(3), C.R.S. 2000, provides: "A corporation administratively dissolved continues its corporate existence but may not carry on any business except as is appropriate to wind up and liquidate its business and affairs under section 7–114–105...."

Under § 7–114–105(2), C.R.S.2000, dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name. Therefore, there is no reason why the trial court would not have subject matter jurisdiction here.

■ For similar reasons we also reject defendants' contention that plaintiff was not competent to enter into the contract underlying this suit because plaintiff was administratively dissolved at that time.

Under §§ 7–114–105 and 7–114–202(3), a dissolved corporation may carry on business as is appropriate to wind up and liquidate its business and affairs, including "[d]isposing of its properties," § 7–114–105(1)(b), and "[d]oing every other act necessary to wind up and

liquidate its business and affairs," § 7–114–105(1)(e).

We conclude that these provisions allow plaintiff to enter into the contract for sale of its corporate assets, to pursue collection of the promissory note, and otherwise to enforce the parties' agreements.

On appeal, defendants rely on *Graham, Inc. v. Mountain States Telephone & Telegraph Co.*, 680 P.2d 1334 (Colo.App.1984), for the proposition that a corporation suspended by statute cannot transact business or acquire any claims or rights under the law. As the trial court recognized, however, effective July 1, 1994, the Colorado Business Corporation Act, § 7–101–101, et seq., C.R.S.2000, replaced the former Colorado Corporation Code, Colo. Sess. Laws 1993, ch. 191, § 7–1–101, et seq. at 866. Therefore, *Graham*, published in 1984 and interpreting the now-repealed statute, is not determinative here.

## II.

Defendants also contend that the trial court erred in entering a case management order (CMO) dismissing all their counterclaims and in determining that they were limited to a defense of setoff for payments only. We agree.

When no objection is made to a pretrial order, the matters determined by the order have the force and effect of a stipulation among the parties. *Stan Miller, Inc. v. Breckenridge Resort Associates, Inc.*, 779 P.2d 1365 (Colo.App.1989), *aff'd in part and rev'd in part on other grounds, Independent Trust Corp. v. Stan Miller, Inc.*, 796 P.2d 483 (Colo.1990).

Here, a transcript of the June 12, 1998, hearing contains the following exchange between the trial court and defendants' counsel about the parties' stipulation:

THE COURT: So the counterclaims are dismissed with prejudice but they are, in effect, treated as an affirmative defense of setoff?

[DEFENDANTS' COUNSEL]: Correct.

THE COURT: So that the defendants could end up with a complete defense if they prove the counterclaims and the

amount of the note, but they won't have any affirmative recovery?

[DEFENDANTS' COUNSEL]: That's right.

THE COURT: Okay. Well, why don't you set that stipulation out in the case management order so that it is on the record and everybody is clear about it.

According to the record, plaintiff's counsel prepared a draft case management order (CMO) and twice sought defendants' comments or additions. Plaintiff specifically advised defendants that, if defendants did not contact plaintiff before the due date, the CMO would be filed as it was written. Defendants did not respond, and the CMO was submitted without defendants' signature. Subsequently, the court signed the CMO with only slight modifications.

The resulting CMO stated in pertinent part that: "[d]efendants dismissed with prejudice all counterclaims which were or could have been asserted. Additionally, defendants waived all affirmative defenses except that of set-off, which is the only defense to be advanced by defendants at trial." The record indicates that defendants did not object to either the form or the content of the CMO.

In our view, the June 1998 transcript supports defendants' position that they were entitled to prove their counterclaims, not for purposes of affirmative recovery, but as an affirmative defense of setoff. This interpretation is not inconsistent with the CMO, which contains no language limiting setoff to reduction of the judgment by payment. Further, the court's December 1998 orders both refer to "defense/counterclaim of setoff," thus indicating that the trial court, consistent with the June 1998 transcript, understood the setoff defense to include proof of defendants' counterclaims. *See First National Bank v. Lewis*, 57 Colo. 124, 139 P. 1102 (1914)(counterclaim is a broader term than setoff, and setoff is embraced in the term counterclaim). There is no indication in the record that plaintiff objected to the wording of the December 1998 orders.

## III.

Defendants finally contend that the trial court abused its discretion in declining to enforce its order on defendants' motion to compel pre-trial discovery. We conclude that in view of our disposition of the issue of setoff, the court should reconsider this matter. *See Municipal Subdistrict v. OXY USA, Inc.,* 990 P.2d 701 (Colo.1999)(trial court has considerable discretion to determine whether sanctions should be imposed for discovery violations and what those sanctions should be).

Accordingly, that part of the judgment limiting defendants' defense of setoff is reversed. The remainder of the judgment is affirmed, subject to the court's review of compliance with issues relating to discovery. The cause is remanded for further proceedings consistent with the views expressed in this opinion.

NEY and RULAND, JJ., concur.